NORTHWESTERN IMPROVEMENT & BOOM COMPANY v. WILLIAM O'BRIEN.

January 24, 1899.

Nos. 11,460—(253).

Corporation—G. S. 1894, § 2633—Power to Drive Logs not Incidental to Power to Improve Stream for Driving Logs.

Held, a corporation attempted to be organized under G. S. 1894, § 2633, to improve a stream for driving logs, but which is not empowered by its charter to drive or handle logs, cannot collect the tolls provided for in that section. Held, further, the power to drive or handle logs is not incidental to the power to improve the stream.

Same—Improvement of Part of Stream.

In order to entitle a corporation organized under that section to collect toll, it is not necessary that it take possession of or improve the whole stream, or all thereof not improved by some one else; it is only necessary that such corporation take possession of "a considerable portion thereof."

Action in the district court for Ramsey county to recover $8,700 as tolls for the use of certain improvements upon Kettle river, whereby the driving, during the years 1892, 1893 and 1894, of de-

fendant's logs was alleged to have been facilitated. From an order, O. B. Lewis, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Clapp & Macartney*, for appellant.

The general proposition as to the right of a corporation to do incidental business is fairly well established by the courts. Smith v. Library Board, 58 Minn. 108; Cowling v. Zenith Iron Co., 65 Minn. 263; Central Trust Co. v. Columbus, H. V. & T. Ry. Co., 87 Fed. 815.

*J. N. Searles*, for respondent.

The improvement of a stream by constructing, maintaining and operating therein the various structures mentioned in G. S. 1894, § 2633, is a business entirely independent of, and distinct from, the business of navigating the stream for log-driving purposes. See New Orleans v. Ocean, 28 La. An. 173; Bangor v. Whiting, 29 Me. 123. A corporation formed under a general statute cannot assume a larger power than the statute confers, by merely declaring in its articles of association that it possesses them. 5 Thompson, Corp. § 5996. The right to collect a toll is a privilege not enjoyed by the people in general, and is consequently a franchise which is to be construed most favorably to the public, where there exists a reasonable doubt as to the extent of the privileges conferred. See 3 Thompson, Corp. § 4345.

CANTY, J.

This is an appeal from an order sustaining a demurrer to the complaint on the ground that it does not state a cause of action. The complaint alleges: That during the times therein stated plaintiff was, and still is, a corporation organized

"For the purpose of improving the navigation of Kettle river for logs, lumber and timber from the north line of section twenty-six, in township forty-eight north, of range twenty west, to the mouth of said river, and a like improvement of Pine river, one of the tributaries of said Kettle river, from its source to the mouth thereof, including the building of such piers, booms, side rolling, sluicing and flooding dams, and other structures as may be necessary or advisable, in order to facilitate the driving, floating, holding, handling and assorting of logs, timber and lumber upon said Kettle river

and Pine river between the points hereinbefore mentioned; also the clearing and straightening of the channel of said river between the points aforesaid, the booming or closing of sloughs adjacent thereto, or the clearing out or so improving the channel in any such slough as to render the same navigable, so as to improve and facilitate the navigation of said rivers.

"And that under and pursuant to its said organization this plaintiff, prior to the 1st day of April, A. D. 1892, had taken prior possession of that portion of said Kettle river between the north line of section twenty-six, in township forty-eight north, of range twenty west, to the mouth of said Kettle river, a distance of about seventy-five miles; and that at the time of taking such possession no other person or corporation was in possession thereof, or had erected or was in possession of any dams or other improvements upon said Kettle river between the points above described; and that at the time this plaintiff so took possession of said portion of said river above described, such portion of said river did require dams and improvements for the purpose of driving logs therein; and thereupon and prior to the 1st day of April, 1892, this plaintiff entered upon said Kettle river (between the points above described), and built thereon two certain dams, and had, by means of said dams and other improvements erected by it upon said river, so improved the navigation of said river as to render the driving of logs thereon reasonably practicable and certain."

It is further alleged that during the driving season of 1892 defendant banked twenty-five million feet of saw logs above and below one of said dams,

"And that the said dams and other improvements so erected upon said river by this plaintiff were so managed, controlled and operated by this plaintiff during said year 1892 as to facilitate and aid in the driving of said logs, and to render the driving thereof in said year reasonably practicable and certain; and that a reasonable and just toll and compensation to this plaintiff for the use of said dam and improvements upon said river in said year 1892 is the sum of ten cents per thousand feet, board measure, for each and every thousand feet so owned or driven by said defendant upon said river in said year."

There is also alleged a second cause of action, similar in form, covering the driving season of 1893, and a third cause of action, covering the driving season of 1894. There are two points made against this complaint.

1. Evidently this corporation was organized, or attempted to be

organized, under G. S. 1894, § 2633, which, so far as here material, reads as follows:

"Any corporation formed under this title in whole or in part for the improvement of any stream and driving logs therein, or for holding or handling logs therein, which shall have taken prior possession of such stream, or any considerable portion thereof, upon which portion no other person or corporation has erected any dams or other improvements, and which may have need of improvement for that purpose, shall have power to improve such streams and its tributaries by clearing and straightening the channels thereof, closing sloughs, erecting sluiceways, booms of all kinds, side rolling, sluicing and flooding dams or otherwise if necessary. * * * Every such corporation which shall so improve a stream and so keep in repair, and operate its works so as to render driving logs thereon reasonably practicable and certain, may charge and collect reasonable and uniform tolls upon all logs, lumber and timber driven, sluiced or floated on the same, and may take possession of all logs put into such stream or upon rollways, so as to impede the drive when the owners thereof or their agents shall not have come upon the stream adequately provided with men, teams and tools for breaking the rollways and driving such logs in season for making a thorough drive down such stream without hindering the main drive; and shall also, at the request of the owner of any logs and timber put into said streams, take charge of the same, and drive the same down and out of such stream, or down such stream so far as their improvements may extend, and charge and collect therefor of the owner or party controlling said logs and timber, reasonable charges and expenses for such services."

It will be observed that this section requires the corporation to organize                    .

"For the improvement of any stream and driving logs therein, or for holding or handling logs therein,"

While, as alleged in the complaint, this corporation was organized

"For the purpose of improving the navigation of Kettle river for logs, lumber and timber, * * * in order to facilitate the driving, floating, holding, handling and assorting of logs, timber and lumber upon said Kettle river."

The point made is that it is nowhere alleged that the corporation was organized "for driving logs therein," or for "handling logs therein," and that being organized "to facilitate the driving, floating, holding, handling and assorting of logs" is not sufficient; that,

in order to have the right to collect tolls, the corporation must comply with the statute, and must, by its charter, have the power to drive or handle the logs on the improved portion of the river; and that it is not sufficient that such corporation has, by its charter, the power "to facilitate" the driving or handling of logs on such portion.

Said section 2633 provides that the corporation organized under that section "may take possession of all logs put into such stream," where the owners of the logs are not sufficiently equipped to drive or handle them,

"And shall also, at the request of the owner of any logs and timber put into said streams, take charge of the same, and drive the same down and out of such stream."

Then it is plain that, in order to organize a corporation under this section, the corporation must be given power to drive or handle logs as well as to make the improvements in the river. As a general rule, such improvements are made in portions of the river where, by reason of obstacles in the river, or otherwise, there is not sufficient water to float logs; and in order to handle the logs to the best advantage, and give every one a chance to bring his logs down the river, it is usually necessary that he who controls the flow of water and the use of the improvements should also drive or handle the logs.

Thus the legislature had a purpose in requiring the corporation to have the power and ability to drive the logs, and to be ready at all times during the driving season to do so. But, in our opinion, the power given by the charter to improve the river in order to facilitate driving or handling logs does not give power to do the driving or handling. The latter power is not incidental to the former. See Bangor v. Whiting, 29 Me. 123. Such a franchise as a right to collect tolls on a public river is strictly construed in favor of the public. See 4 Thompson, Corp. § 5345. Then we are of the opinion that it does not appear that the statute has been complied with so as to enable plaintiff to collect tolls.

The next section of the statute (section 2634) provides:

"The provisions of this act shall apply as well to corporations

heretofore organized for the purposes specified in section two of this act as to those hereafter organized for such purpose."

Appellant contends that by the terms of this section, a corporation organized under sections 2474–2480, and also a corporation organized under section 2592, to improve a stream for "slack-water or other navigation upon any water-course, bay or lake," would be authorized to collect tolls under section 2633. In our opinion, neither sections 2474–2480 nor section 2592 apply to this case.

Section 2474 authorizes a person licensed by the county commissioners to charge toll when he has possession or control of both banks of the river, and has made such improvements. The corporation organized under section 2592 is not authorized to charge toll at all. Neither of these sections requires the corporation organized under it to have power to drive or handle logs, while the corporation referred to in section 2634 must have such power. True, by the terms of section 2634, it is not necessary that the corporation be one that was organized under section 2633, if it was organized before April 24, 1889, the date of the passage of those two sections, and was organized for the improvement of the stream and the driving or handling of logs.

It does not appear by the complaint that the plaintiff comes within all of these conditions. Whether or not, if appellant had, in fact, always complied with the provisions of section 2633 as to driving or handling logs, it would be a de facto corporation exercising all the powers of that section, we need not consider. The question is not before us.

2. Under the wording of section 2633 we cannot hold that, as a condition precedent to the right to collect toll, it is necessary that the corporation take possession of the whole stream, or all thereof needing improvement which has not been improved by some one else. The statute simply requires that the corporation

"Shall have taken prior possession of such stream, or any considerable portion thereof, upon which portion no other person or corporation has erected any dams or other improvements, and which may have need of improvement for that purpose."

This disposes of the case.

Order affirmed.