HAYES *v.* SKEMAN.

1. WITNESSES—EXAMINATION OF OPPOSITE PARTY ON BEHALF OF ESTATE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Statute prohibiting testimony by opposite party on his own behalf as to matters equally within the knowledge of deceased is silent as to whether opposite party may be examined as a witness in behalf of the estate against which he has attempted to assert a claim (3 Comp. Laws 1929, § 14219).

2. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—PURPOSE OF STATUTE—WAIVER.

That statute prohibiting testimony by opposite party in his own behalf as to matters equally within the knowledge of deceased is designed to protect the estate is evidenced by the fact that the administrator cannot waive the provisions of the statute to permit testimony in case opposite party is a claimant against the estate (3 Comp. Laws 1929, § 14219).

3. SAME—WAIVER OF STATUTE BARRING MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED BY REPRESENTATIVE OF ESTATE.

Representative of the estate who cross-examines opposite party waives the benefit of the statute prohibiting testimony by such party as to matters equally within knowledge of deceased and cannot then prevent such party from giving a full explanation of the subject of inquiry (3 Comp. Laws 1929, §§ 14219, 14220).

4. PARTIES—OPPOSITE PARTY.

An opposite party is one whose personal and financial interests, either immediate or remote, are in antagonism to the like interests of a protected party to the controversy.

5. WITNESSES—OPPOSITE PARTY—HEIR AS CLAIMANT—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

The fact that a claimant against an estate for service rendered deceased is also an heir does not change relationship as an opposite party within the meaning of 3 Comp. Laws 1929, § 14219.

Appeal from Wayne; Jeffries (Edward J.), J., presiding. Submitted October 3, 1934. (Docket No. 45, Calendar No. 37,985.) Decided December 10, 1934.

Assumpsit by Edward N. Hayes, executor of the estate of Elizabeth Hayes, deceased, against Roy G. Skeman and wife on a promissory note. Judgment for defendants. Plaintiff appeals. Reversed and new trial granted.

*Bethune D. Blain,* for plaintiff.

*Hatfield & Hall,* for defendants.

Edward M. Sharpe, J. Elizabeth Hayes, plaintiff's decedent, died February 12, 1932; she left a will appointing plaintiff executor. Prior to January 29, 1929, defendants, Anna E. Skeman, daughter of Elizabeth Hayes, and her husband, Roy G. Skeman, borrowed from decedent $3,600 and gave their promissory note therefor; renewals of this note were given from time to time and upon the death of decedent the note could not be found, defendants claiming that on January 28, 1932, the decedent canceled the note, while plaintiff claims that the defendants by fraud and deceit caused the decedent to sign an order allowing them to have access to her safety deposit box and fraudulently destroyed the note.

When the cause was tried, the note not being in the possession of the executor, he called the defendant, under the statute (3 Comp. Laws 1929, § 14220), who testified that she did not know where the note was and could not produce it; thereupon plaintiff attempted to establish his case by the next best evidence through the defendants who were the only persons who knew the facts or could testify as to the

amount of the note; but when asked as to the amount of the note the trial court sustained objections made by defendants' attorney that the testimony sought were matters equally within the knowledge of the deceased and prohibited by provisions of 3 Comp. Laws 1929, § 14219. Plaintiff also sought to elicit from the defendant witness the fact that the mother paid $40 a month for her room and board during the time the decedent lived with defendants. The trial court also sustained objections made by defendants' attorney for the same reasons as stated *supra.*

The only question to decide in this case is, may an executor plaintiff elect to waive the benefit of the provisions of 3 Comp. Laws 1929, § 14219, by cross-examining the opposite party when the action is for the benefit of the estate and the testimony of the opposite party is necessary to establish the claim against such opposite party and compel said opposite party to testify as to matters equally within the knowledge of the deceased?

The statute above referred to states that "the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify" and is silent on the question as to whether the opposite party may be examined as a witness in behalf of the estate against which he has attempted to assert a claim.

The general rule is that an administrator cannot waive the statute of limitations, *McGee* v. *McDonald's Estate,* 66 Mich. 628, nor can he waive the provisions of the statute which prohibits a claimant against the estate from testifying to facts, tending to support the claim, which were equally within the knowledge of the deceased, *McHugh* v. *Dowd Estate,* 86 Mich. 412, thus the purpose of the statute is for the protection of estates.

This court has held upon many occasions that where the representative of the deceased cross-

examines the opposite party he has waived the benefit of the statute. See *Fox* v. *Barrett's Estate,* 117 Mich. 162; *Judd* v. *Judd,* 187 Mich. 612; *Rock* v. *Gannon Grocery Co.,* 246 Mich. 545; *Shea* v. *Siller,* 262 Mich. 279; *McHugh* v. *Dowd Estate, supra; Harper* v. *Corcoran,* 166 Mich. 474. There may be instances where, in order to protect the estate, it becomes necessary to call the opposite party to testify as to matters equally within the knowledge of the deceased. We think the language used in *Fox* v. *Barrett's Estate, supra,* 163, wherein the court said:

"The statute in question was designed to protect estates, by excluding the testimony upon the subject known equally to the claimant and the deceased party. If, however, the representative of the deceased wishes, he may compel the living party to testify; but in that case he cannot prevent such party from giving a full explanation of the subject inquired about," correctly states the law.

See, also, *Jonescu* v. *Orlich,* 208 Mich. 89.

Defendants next contend that Anna E. Skeman is an heir within the meaning of the statute and as such is entitled to just as much protection as the estate. Perkins, Evidence by Survivor, § 22 (p. 18), defines an opposite party as "one whose personal and financial interests, either immediate or remote, are in antagonism to the like interests of a protected party to the controversy." The fact that claimant against an estate for service rendered to deceased is also an heir does not change the relationship as an opposite party within the meaning of 3 Comp. Laws 1929, § 14219.

In the instant case the interests of the defendant, Anna E. Skeman, are opposed to the interests of the estate; were she to prevail, the result would be to

deplete the assets of the estate and thus nullify the protection to the estate for whose benefit the act was passed.

For the error pointed out, the judgment must be reversed and a new trial granted, with costs to appellant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.