## SALSBURY *v.* SACKRIDER.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—HUSBAND OF DECEASED'S OBLIGEE.

Testimony of plaintiff's husband as to contract between plaintiff and her father, now deceased, that latter would give plaintiff a farm if she and her husband would come to the farm and make a home for the father *held,* not inadmissible on ground that it related to matters equally within the knowledge of the deceased, in suit for specific performance of such contract, as husband had no such interest as would disqualify his testimony (3 Comp. Laws 1929, § 14219).

2. SAME—EXECUTOR OF ESTATE NOT AN OPPOSITE PARTY UNDER
   STATUTE.
   The administrator of an estate is not an "opposite party" within meaning of statute barring testimony of opposite parties relative to matters equally within the knowledge of the deceased (3 Comp. Laws 1929, § 14219).

3. SAME—OPPOSITE PARTY—DEFINITION.
   An opposite party, within the meaning of the statute barring testimony of opposite parties as to matters equally within the knowledge of a deceased person, is one whose personal and financial interests, either immediate or remote, are antagonistic to the like interests of the protected party (3 Comp. Laws 1929, § 14219).

4. SAME—COEXECUTORS' TESTIMONY.
   Testimony of one coexecutor of will of deceased father that father had told witness of contract whereby father would give daughter farm if she and her husband would come to the farm and make a home for the father and of other coexecutor as to matters alleged to be equally within the knowledge of the deceased *held*, not inadmissible because matters may have been equally within the knowledge of the deceased father (3 Comp. Laws 1929, § 14219).

5. CONTRACTS—EVIDENCE—REFUSAL TO REDUCE ORAL CONTRACT TO
   WRITING.
   Refusal of a party to reduce an oral contract to writing would not have the effect of making nugatory a contract otherwise valid.

6. SPECIFIC PERFORMANCE—ORAL CONTRACT TO CONVEY LAND.
   In suit for specific performance of deceased's alleged oral contract to leave farm to plaintiff, his daughter, if she and her husband would come there and make a home for him, finding of court that such a contract had been entered into and fully performed by plaintiff *held*, amply justified by record.

Appeal from Jackson; Simpson (John), J. Submitted April 6, 1938. (Docket No. 38, Calendar No. 39,958.) Decided June 6, 1938. Rehearing denied June 30, 1938.

Bill by Caroline B. Salsbury against Fred T. Sackrider and Everett C. Sackrider, executors of the estate of Fred C. Sackrider, and Fred T. Sackrider,

individually, and wife for specific performance of an oral contract to bequeath land. Decree for plaintiff. Defendants appeal. Affirmed.

*Adrian F. Cooper,* for plaintiff.

*Leslie & Denton,* for defendants.

McALLISTER, J.   Plaintiff filed a bill for specific performance of an oral contract with her father, Fred C. Sackrider, deceased, in which it was agreed in 1918 that if she and her husband would come to her father's farm and make a home for him, he would give her the farm.

Plaintiff and her husband came to the farm, managed it, made a home for deceased, and stayed with him for 18 years until his death in 1936.   At that time it was found that deceased had left a will, executed three years before his death, devising the property in question to Fred T. Sackrider, his son, and to his son's wife.   Other property mentioned in the will as being devised to his daughter, plaintiff herein, had been sold by deceased subsequent to making his will, and the proceeds had been placed in a joint account in the name of deceased and his son, Fred T. Sackrider.

Numerous witnesses testified in support of plaintiff's claim that deceased had told them of his agreement to give his farm to plaintiff in return for her coming with her husband and making a home for him.   Certain of these witnesses related that deceased had told them he was going to give the farm to plaintiff and her husband.   Such testimony gave rise to defendants' claim that the contract was not clearly and sufficiently proved, and that plaintiff's husband was a proper party, according to such testimony, and should have been joined as a plaintiff.

The trial court, however, found from the evidence that the contract was between deceased and plaintiff.

Plaintiff's husband testified that the deceased had told him that he had agreed with plaintiff to give her the farm if plaintiff and her husband would make a home for him. Defendant claims that such testimony was inadmissible because of the interest of the husband and that his testimony should have been excluded as an opposite party testifying to matters equally within the knowledge of the deceased.* Under the contract as alleged and proved, plaintiff's husband had no such interest as would disqualify his testimony. *In re Morse's Estate,* 170 Mich. 114; *Hiles* v. *First National Bank at Flint,* 237 Mich. 278.

Plaintiff named as defendants, among others, Fred T. Sackrider, individually and as executor, and Everett C. Sackrider as executor. The latter, a son of deceased, was sworn as witness on plaintiff's behalf and testified that some time after the death of his mother, deceased had told him that he had entered into the contract with plaintiff, which was previously testified to. Fred T. Sackrider was called as a defendant and cross-examined under the statute. The testimony of these two witnesses was objected to on the part of defendants, Fred T. Sackrider and his wife, on the ground that it related to matters equally within the knowledge of the deceased.

The administrator of an estate is not an "opposite party" within the meaning of the statute, and is not precluded from testifying in a suit by a claimant against an estate. *In re Refior's Estate,* 236 Mich. 5. An opposite party within the meaning of the statute is one whose personal and financial interests, either

* See 3 Comp. Laws 1929, § 14219 [Stat. Ann. § 27.914].—Reporter.

immediate or remote, are antagonistic to the like interests of the protected party. *Hayes* v. *Skeman,* 269 Mich. 473. The testimony objected to by defendants was properly admitted by the trial court.

It was further testified by plaintiff's husband that four years after the claimed agreement was entered into, an effort was made to have deceased reduce the contract to writing, but that he refused to do so. Such a refusal of the deceased would not have the effect of making nugatory a contract otherwise valid. The trial court found that such a contract had been entered into which had been fully performed by plaintiff and a review of the entire record amply justifies such finding.

Decree affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.