## UNITED STATES v. ONE DODGE COUPE, MOTOR NO. D 14–105424, SERIAL NO. 30284066.

District Court, S. D. New York.
Feb. 4, 1942.

Mathias F. Correa, U. S. Atty., of New York City (Earle N. Bishopp, of Brooklyn, N. Y., of counsel), for libellant.

Samuel Schwartz, of New York City, for claimant.

RIFKIND, District Judge.

This is a proceeding for the forfeiture of a Dodge Coupe automobile under Sections 781 and 782 of Title 49 United States Code Annotated. The charge is that it was used to facilitate the transportation, conveyance, concealment, possession, purchase and sale of contraband heroin. The automobile was seized by the officers of the Bureau of Narcotics.

The claimant is the conditional vendor of the automobile.

The plaintiff proved that agents of the Treasury Department had information which caused them to suspect that the automobile was used in the narcotic traffic. At the same time a certain Pontiac car was similarly suspected. On the day of the seizure one Granza was observed driving the Dodge automobile to Broadway and 111th Street in the Borough of Manhattan where the Pontiac car was already stationed. Granza left the Dodge, entered the Pontiac and was driven by one Coniglio around the block back to the place where the Dodge was parked. Thereupon, Granza stepped out of the Pontiac carrying a paper bag. As he was approached by the narcotic agent he threw the bag back into the Pontiac. The bag was seized and was found to contain four packages, each containing heroin. The packages bore no revenue stamps. Granza stated to the agent that he had obtained the drug from Coniglio for purpose of resale to a named purchaser.

The claimant offered no proof.

The statute under which this proceeding was brought was enacted on August 9, 1939, Chapter 618, Section 2, 53 Stat. 1291, 49 U.S.C.A. § 782. Only one decision construing this statute has been called to my

attention. United States v. One 1940 Packard Coupe, D.C.Mass.1931, 36 F.Supp. 788. It does not pass upon the questions presented in the instant case.

■ The claimant asserts that no proof has been offered of the contraband character of the heroin. Section 781, subdivision (b) provides as follows: "(b) As used in this section, the term 'contraband article' means—(1) Any narcotic drug which has been or is possessed with intent to sell or offer for sale in violation of any laws or regulations of the United States dealing therewith, or which is sold or offered for sale in violation thereof, or which does not bear appropriate tax-paid internal-revenue stamps as required by law or regulations".

Claimant asserts that proof of possession with intent to sell, is not proof of possession with intent to sell in violation of law; and that proof of the absence of Internal Revenue stamps is not tantamount to proof of the lack of Internal Revenue stamps as required by law or regulations. In support of its position claimant cites United States v. One Oldsmobile, D.C. Conn.1940, 33 F.Supp. 848. That case held in part that the presence in an automobile of heroin without customs stamps on containers raises no presumption of illegal importation thereof under a statute providing for the shift in the burden of proof on such a question to the claimant on a showing of probable cause for the institution of the action to forfeit the automobile. Here, however, we are dealing with a different statute which makes the absence of required revenue stamps conclusive on the question of contraband. That the drug containers in question were required to bear such stamps is easily spelled out from Section 2550(a) of Title 26 U.S.C.A. Int.Rev.Code, which imposes the tax on heroin, and Section 2553 which reads as follows:

"Section [§] 2553. Packages. (a) General requirement. It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 2550(a) except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps for any of the aforesaid drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found; * * *".

The contraband character of the seized drug is, therefore, established. Section 1615 of Title 19 U.S.C.A. shifts the burden of proof in forfeiture proceedings to the claimant provided probable cause for the institution of suit is shown. That section is made applicable hereto by Section 784 of Title 49 U.S.C.A. See United States v. One 1937 Hudson, D.C.W.D.Ky.1937, 21 F. Supp. 600.

A more difficult question is presented by the issue whether the Dodge was used to facilitate the transportation of the contraband. Subdivision (1) of Section 781(a) subjects to forfeiture a vehicle used directly in transportation. Subdivision (2) similarly subjects to forfeiture a vehicle used for concealment or possession. The Dodge was not used either to transport or to conceal. The contraband never was in the Dodge. The seized automobile was used to bring a person to the place where he obtained the contraband. Was it used so as to facilitate transportation under subdivision (3)?

■ In construing the statute we should attempt to give effect to each of its provisions. Subdivision (3) should, therefore, be so construed as to include some situations which are neither transportation nor concealment. An automobile which acts as guide and convoy to trucks laden with contraband would surely be engaged in facilitating transportation if not in transportation itself. United States v. One Dodge Sedan, D.C.Cal.1928, 28 F.2d 44.

It can readily be seen that whether any particular connection of a vehicle with contraband, where the contraband is not in the vehicle or in the possession of the occupant of the vehicle, constitutes facilitation, is a question of degree, which is in turn a question of fact not readily susceptible to generalization. Furthermore, the word should be interpreted in its context.

That facilitation of an act does not embrace the act itself was held in connection with the interpretation of a corporate charter. Northwestern Improvement & Boom Co. v. O'Brien, 75 Minn. 335, 77 N.W. 989; 16 Words and Phrases, Permanent Edition, p. 10.

Recourse to the dictionary (Funk and Wagnall's New Standard Dictionary) supplies the following definition: "Facilitate: to make more easy or less difficult; free more or less completely from obstruction or hindrance; lessen the labor of."

62

Was the Dodge used in facilitating the transportation of contraband? By bringing Granza part of the distance over which the contraband would otherwise have to travel in order to reach him, it made that task less difficult and lessened the labor thereof and I, therefore, answer that question in the affirmative.

This answer is in part prompted by the inescapable inference which must be drawn from the fact that the meeting of the Dodge and the Pontiac was not accidental but prearranged. In other words the Dodge was an instrumentality in a prearranged scheme of transportation which was not completed by reason of the intervention of the narcotic agents.

In any event sufficient was shown to constitute probable cause for the institution of the proceedings. The burden of explanation, therefore, fell upon the claimant. Since it offered no proof it failed to carry that burden and a decree of forfeiture must, therefore, be granted.