**W. E. DEAN & CO. v. UNITED STATES.**

No. 12405.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1948.

James McCollum Burnett and Eugene C. Williams, both of San Antonio, Tex., for appellant.

Henry W. Moursund, U. S. Atty., and Joel W. Westbrook, Asst. U. S. Atty., both of San Antonio, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The libel was for the forfeiture[1] of an automobile seized for the transportation of contraband, to-wit: heroin. W. E. Dean and Company, an automobile financing company, denying that the automobile was forfeit and contesting the forfeiture, filed claim to the car as a good faith lienor. The evidence was brief and uncontested.

The United States had one witness, Johnson, the narcotic agent who had found the heroin in the car. On direct examination he testified that, having reliable information that contraband, to-wit, heroin, would be transported in the car, he and another officer followed and stopped it. When they did, he saw on the floorboards of the car, between the two men sitting in the front seat, a package consisting of a paper sack containing a piece of cloth in which was wrapped five unstamped waxed paper packages containing 59 grains of heroin, whereupon the automobile was seized as forfeit. On cross-examination by claimant, he testified that he never saw anybody in the car in possession of the package, that the owner of the car was not there at the time, and that he does not know how the heroin came to be there. The claimant offered only its chattel mortgage.

The district judge, finding the facts as above, that there was probable cause for the seizure and the libel, and that claimants had not sustained the burden imposed by Sec. 1615, Title 19 U.S.C.A., found the au-

---

[7] T. D. 5040, 1941-1 Cum. Bull. 195.     [1] Under §§ 781, 782, Title 49 U.S.C.A.

tomobile forfeit and gave judgment accordingly.

Claimant is here insisting that the proof was insufficient to show that the heroin was contraband, and that it was transported, and the judgment must, therefore, be reversed.

As to the failure of proof that it was contraband, he argues: that the burden was on the government to prove that it was; that Sec. 2550(a) of Title 26 U.S. C.A. imposes the tax only when the narcotic is (1) sold, (2) removed for consumption, or (3) removed for sale; and there is no direct evidence that any person had either sold, or removed, for consumption or sale, the heroin found in this case.

As to the failure of proof that it was transported, he argues that the burden was on the government to make proof that the heroin was being transported by some person in the car, and there was no evidence that the heroin was being so transported, or as to how it got there.

As to the contention of the government and the conclusion of the district judge, that under Sec. 784 of Title 49 and Sec. 1615 of 19 U.S.C.A., the burden was upon the claimant to show that the heroin was not contraband and was not being transported unlawfully, appellant, citing The J. Duffy, D.C., 14 F.2d 426, insists that Sec. 1615 has no application to this case, and that the burden remained on the government throughout to prove the facts necessary to support its claim of forfeiture.

We cannot agree. We think it clear that the evidence amply supports the finding that the heroin was contraband and that it was being unlawfully transported in the car. Appellant's arguments that the United States did not sustain the burden of proof to take no account of the cogency of the circumstances proven. They seem to go on the theory that direct evidence alone will suffice. Besides we agree with the district judge that Section 1615, Title 19 U.S.C.A. applies here,[2] and that probable cause for the seizure having been shown, a sufficient prima facie case was made out to cast the burden on claimant. Claimant offering no evidence except that it owned a chattel mortgage on the car, made no effort whatever to sustain the burden thus cast upon it. The judgment was right. It is affirmed.

---

[2] United States v. One Dodge Coupe, 43 F.Supp. 60.