HIGGINS *v.* HIGGINS.

1. Lost Instruments—Deeds—Evidence.

In suit to establish a claimed lost deed to 120 acres of farm land, record *held,* convincing that such a deed was executed and delivered in escrow, as claimed by plaintiff grantees.

2. Same—Escrow Agreement—Cross-Examination Under Statute—Witnesses—Matters Equally Within Knowledge of Deceased.

In grantees' suit to establish a claimed lost deed of 120 acres of farm land, brought against grantor husband and wife and, upon death of defendant husband, residuary devisees under his will were added, it was proper to receive in evidence the testimony of defendant wife, administratrix of the husband's estate, called for cross-examination under the statute, on behalf of plaintiffs, as to instrument whereby escrow agency of the parties was transferred from one person to another, where such defendant was not only one of the grantors in the deed sought to be established, but also a signer of such transfer agreement and such testimony by such person does not come within the statute barring testimony of opposite parties as to matters equally within the knowledge of a deceased person (CL 1948, §§ 617.65, 617.66).

3. Witnesses—Matters Equally Within Knowledge of Deceased —Administratrix Not an Opposite Party.

The administratrix of an estate is not an "opposite party" within meaning of statute barring testimony of opposite parties relative to matters equally within the knowledge of the deceased (CL 1948, § 614.65).

4. Same—Opposite Party—Definition.

An opposite party, within the meaning of the statute barring testimony of opposite parties as to matters equally within the knowledge of a deceased person, is one whose personal and

---

References for Points in Headnotes

[1, 5] 34 Am Jur, Lost Papers and Records, §§ 23, 62.
[1, 5] Degree or quantum of evidence necessary to establish a lost instrument and its contents.  148 ALR 400.
[2] 34 Am Jur, Lost Papers and Records, § 61; 58 Am Jur, Witnesses, § 214 *et seq.*

financial interests, either immediate or remote, are antagonistic to the like interests of the protected party (CL 1948, § 614.65).

5. LOST INSTRUMENTS—EVIDENCE—ADMISSIONS AGAINST INTEREST. In suit to establish a claimed lost deed wherein an impartial witness testified as to a conversation she had had with defendant husband before his death that he was getting old and that the homestead then went to plaintiff husband, defendant's son, while such testimony was properly received as an admission against interest, its weight is not considered great inasmuch as such testimony was as consistent with a will as that he had executed a deed, especially where there is other testimony and proper inferences to be drawn therefrom amply supporting decree for plaintiff grantees.

Appeal from Ionia; Davis (Morris K.), J. Submitted October 11, 1949. (Docket No. 60, Calendar No. 44,376.) Decided January 9, 1950.

Bill by Glenn N. Higgins and wife to establish a lost deed. Eva J. Higgins, administratrix of estate of Norman E. Higgins, deceased, substituted as party defendant. Burell Higgins and Gertrude Gould made parties defendant. Decree for plaintiffs. Defendants appeal. Affirmed.

*Colwell & Welch,* for plaintiffs.

*John Wendell Bird,* for defendants.

BOYLES, C. J.   Plaintiffs filed this bill of complaint in 1945 for the purpose of establishing a claimed lost deed, and to enjoin the defendants from disposing of or encumbering the premises in question. The circuit judge, after hearing the proofs, entered a decree in accordance with the prayer of the bill and the defendants appeal.

Plaintiffs are the son and daughter-in-law, respectively, of the defendant Norman E. Higgins, now deceased, who was past 80 years of age at the time the bill was filed, and whose second wife was the defendant Eva J. Higgins. About a year after

the bill was filed Norman E. Higgins died, his will was admitted to probate, and Eva J. Higgins was appointed executrix of his estate. Thereupon, the executrix was substituted as defendant in the place of the decedent, and Burell Higgins and Gertrude Gould were added as defendants, they being possible parties in interest in said property as residuary devisees under the will.

In 1923, Norman E. Higgins was the owner of 180 acres of farm land in Ionia county. This litigation involves an escrow deed of 120 acres of this property made January 2, 1923, by Norman E. Higgins and Eva J. Higgins, his wife, and delivered to R. A. Hawley, then an attorney in Ionia, to hold in escrow until the death of the survivor of Norman E. Higgins and Eva J. Higgins, and then to be delivered to Glenn N. Higgins, the plaintiff herein, the grantee named in the deed. The deed remained in R. A. Hawley's possession until 1935, when he apparently became concerned over the fact that he was reaching an advanced age and feared that he might not survive the grantors in the deed. At his suggestion, Glenn D. Mathews, also an attorney in Ionia, was appointed by the grantors as the new escrow agent and the deed was delivered to him. He held it until April of 1937, when he died. The plaintiffs claim, and there was testimony to support the claim, that after his death the deed was returned to the grantor Eva J. Higgins by Mrs. Mathews, Glenn D. Mathews' widow, and also the administratrix of his estate. In any event, it seems to have been lost or destroyed. Although a rather extensive search has been made for it, it has not been found.

The record is convincing that such a deed was executed and delivered in escrow, as plaintiffs claim. The defendant, Eva J. Higgins, was called by the plaintiffs for cross-examination under the statute, and her testimony was received over the objection

of her counsel that her testimony was barred as referring to matters equally within the knowledge of Norman E. Higgins, deceased. She identified an instrument in writing executed in 1935, which was thereupon received in evidence, over objection by her counsel. It is as follows:

"Exhibit 1

"KNOW ALL MEN BY THESE PRESENTS, That whereas, on January 2d, 1923, Norman E. and Eva J. Higgins, his wife, made and executed a certain conveyance with reservation of life estate, to Glenn N. Higgins, which was on said date delivered to R. A. Hawley to be held in escrow during the lives of the said Norman E. and Eva J. Higgins, and the survivor of them, and at the death of each and both of them, to be delivered to Glenn N. Higgins, party of the second part.

"AND, WHEREAS, R. A. Hawley, escrow agent, has now arrived at advanced age, and it is deemed advisable by said R. A. Hawley, now circuit judge, and the parties in interest, that Glenn D. Mathews be substituted as escrow agent in the place and stead of R. A. Hawley;

"Now, THEREFORE, IT IS AGREED by and between the said Norman E. and Eva J. Higgins, and the said Glenn N. Higgins and Jessie Higgins, his wife, that Glenn D. Mathews, National Bank Annex, Ionia, Michigan, be, and he is hereby substituted as escrow agent in the place and stead of R. A. Hawley, the whole of said conveyance under the terms of said delivery.

"IN WITNESS WHEREOF, the parties have hereunto set their hands and seals this Thirty-first day of December, A.D. 1935.

"NORMAN E. HIGGINS,
"Accepted:                    "EVA J. HIGGINS,
"12-31-35                      "GLENN N. HIGGINS,
"GLENN D. MATHEWS."    "JESSIE HIGGINS.

Eva J. Higgins, thus called by plaintiffs for cross-examination, admitted that she signed exhibit 1, and that she saw Norman E. Higgins, Glenn N. Higgins and Jessie Higgins sign it. Defendants now seek reversal on the same ground relied upon by their counsel, before the circuit judge, that the admission of her testimony was erroneous, that it referred to matters equally within the knowledge of the deceased Norman E. Higgins, and that without it there is not sufficient testimony to establish the execution and delivery of the deed.

The material part of the statute on which appellants rely reads as follows:

"When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true must have been equally within the knowledge of such deceased person." CL 1948, § 617.65 (Stat Ann § 27.914).

The testimony was admissible. Under the circumstances, Eva J. Higgins was not an opposite party within the meaning of the statute. Obviously, plaintiffs Glenn N. Higgins and Jessie Higgins were the parties opposing the interests of the deceased Norman E. Higgins. They were excluded from testifying to matters equally within the knowledge of Norman E. Higgins, and no complaint is made of such ruling. Eva J. Higgins was the widow of Norman E. Higgins and the executrix of his estate. She was also one of the grantors in the deed which plaintiffs seek to establish as a lost deed. She was not being "examined as a witness in his (her) own behalf," within the inhibition of the statute. She was being cross-examined under the statute,* on behalf of the plaintiffs. The only objection

---

* CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

to her testimony was made by her own attorney. The testimony was properly admitted.

"The administrator of an estate is not an 'opposite party' within meaning of statute barring testimony of opposite parties relative to matters equally within the knowledge of the deceased (CL 1929, § 14219).

"An opposite party, within the meaning of the statute barring testimony of opposite parties as to matters equally within the knowledge of a deceased person, is one whose personal and financial interests, either immediate or remote, are antagonistic to the like interests of the protected party (CL 1929, § 14219)." *Salsbury* v. *Sackrider* (syllabi), 284 Mich 493.

See, also, *Fojtik* v. *Lawson,* 303 Mich 568; *Pence* v. *Wessels,* 320 Mich 195, 203.

Appellants also seek reversal on the ground that the testimony of one Mary Larsen was improperly received. An impartial witness, she testified to a conversation with Norman E. Higgins at a time when plaintiff Glenn N. Higgins was ill, in which Norman E. Higgins expressed a hope that Glenn would recover "because I am getting old and the homestead goes to Pete (Glenn) when I am gone." Under the circumstances, the testimony was properly received as an admission against interest. See *Abraham* v. *Doster,* 310 Mich 433, 445, and cases cited. However, we attach little importance to it. It might indicate that Norman E. Higgins had executed the deed, as plaintiffs infer, or that he had made a will, as the appellants point out. We review the case *de novo,* and there was other testimony and proper inferences to be drawn therefrom amply supporting the result reached by the trial judge.

Affirmed, with costs.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.