## UNITED STATES v. ONE 1949 LINCOLN COUPE AUTO.

### No. 1544.

United States District Court
W. D. Michigan, S. D.

Oct. 25, 1950.

Joseph F. Deeb, U. S. Atty., Kenneth P. Hansma, Asst. U. S. Atty., Grand Rapids, Mich., for libelant.

C. LeBron Simmons and Allen Bibb, Detroit, Mich., for Amanda Humphries, administratrix of the estate of James M. Humphries, deceased, claimant.

John C. Ray and William F. Schwemler, Detroit, Mich., for Joe Solner, Inc., claimant.

STARR, District Judge.

This is a libel by the United States of America for the forfeiture of one Lincoln coupe, 1949 model, motor No. 9 EH–20149, with its equipment and accessories, because of its unlawful use in violation of the Federal narcotics laws. 49 U.S.C.A. §§ 781, 782.

Amanda Humphries, administratrix of the estate of James Humphries, deceased, owner of the above-described vehicle, intervened in this proceeding and made claim thereto. Joe Solner, Inc., holder of a chattel mortgage on the vehicle, also intervened and made claim thereto. The parties have stipulated that, subject to the rules of evidence as to the admissibility of testimony, police officers of the city of Kalamazoo, Michigan, if called as government witnesses, would testify as follows:

(1) That on August 13, 1949, James Humphries, the registered owner and driver

of the vehicle involved in this proceeding, was arrested by detectives of the police department of the city of Kalamazoo for violation of the liquor laws of the State of Michigan; that his arrest was made after the officers had executed a search warrant, issued under the State liquor laws, upon premises being purchased by Humphries on contract.

(2) That upon his arrest Humphries was driven to the Kalamazoo police department and there consented to a search of the automobile involved in this proceeding, and furnished the keys to said automobile to the arresting officers.

(3) That on the same date the arresting officers, not in the presence of Humphries, searched the automobile and found concealed therein, underneath the dash panel, a brown-paper bag containing 24 capsules, which capsules contained a total of 37.56 grains of heroin, a derivative of opium; that the package containing said heroin did not bear the requisite tax-paid internal-revenue stamps.

(4) That James Humphries died November 6, 1949, at the Federal correctional institution at Milan, Michigan, without having been tried for the narcotic violation.

The claimants contend that the testimony of the Kalamazoo police officers who arrested Humphries and searched his automobile would not be admissible to establish that Humphries consented to the search and willingly furnished the keys to the car, and would not be admissible to establish the discovery of narcotics in the car. Claimants base their contention upon the so-called dead-man's statute, Comp.Laws Mich.1948, § 617.65, Stat.Ann. § 27.914, which provides in part: "When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, *the opposite party,* if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true must have been equally within the knowledge of such deceased person".

■ This statute has no application to the testimony of the two Kalamazoo police officers. They are not "opposite parties" within the meaning of the statute, nor are they agents of the opposite party, the United States of America. In Salsbury v. Sackrider, 284 Mich. 493, 496, 497, 280 N.W. 926, 927, the court said: "An opposite party within the meaning of the statute is one whose personal and financial interests, either immediate or remote, are antagonistic to the like interests of the protected party." See also Hayes v. Skeman, 269 Mich. 473, 257 N.W. 866. In the present case there is no showing that the city police officers had any personal or financial interest in the automobile, antagonistic to the interest of Humphries as the registered owner.

■ The stipulated facts show that the search of Humphries' automobile was made with his express consent, and therefore the search was lawful. United States v. Bianco, 2 Cir., 96 F.2d 97. Even if the search was illegal because no consent had been given, inasmuch as it was made by local law-enforcement officers rather than by Federal officers and as the local officers were not acting in concert with Federal agents or officers, the evidence obtained would be admissible in this proceeding. Lotto v. United States, 8 Cir., 157 F.2d 623, 625.

Section 2550(a) of Title 26, U.S.C.A., imposes a tax on heroin as a derivative of opium, and section 2553 of said title requires the drug containers to bear appropriate tax-paid internal-revenue stamps. Section 781(a) of Title 49, U.S.C.A., provides: "It shall be unlawful * * * (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft". Section 781(b) of said title defines contraband: "As used in this section, the term 'contraband article' means—(1) Any narcotic drug * * * which does not bear appropriate tax-paid internal-revenue stamps as required by law or regulations." Therefore, the heroin found in Humphries' car was a contraband article. Section 782 of Title 49 provides: "Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781, or in, upon, or by means of which any violation of section 781 has taken or is taking place, shall be seized and forfeited."

James Humphries died before he was brought to trial for violation of the narcotics laws. However, even though he had been tried and acquitted, his acquittal would not, under the stipulated facts, bar the present forfeiture proceeding against his automobile. United States v. Physic, 2 Cir., 175 F.2d 338; United States v. One 1937 Model Ford Coach, D.C., 57 F.Supp. 977. As acquittal does not bar forfeiture proceedings, it necessarily follows that prior conviction is not a prerequisite to such proceedings.

This libel action is primarily a proceeding in rem, and under the above-quoted statutes the concealment or possession of contraband in the vehicle justifies its forfeiture. The innocence or want of knowledge of the lienor, Joe Solner, Inc., is no bar to the forfeiture. United States v. One Oldsmobile Sedan, D.C., 75 F.Supp. 83. In United States v. Childs, D.C., 43 F.Supp. 776, 777, the court said: "Forfeiture of property of even an innocent claimant where the same is used contrary to the terms of the statute and in violation thereof is too well established to require further comment." See also United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279; United States v. One 1940 Packard Coupe, D.C., 36 F.Supp. 788. If James Humphries were alive, the stipulated facts would justify forfeiture of his automobile. As the testimony which would be given by the city police officers is held to be admissible in evidence, the claimant Amanda Humphries, as administratrix of his estate, stands in no better position.

Once probable cause is shown for the institution of forfeiture proceedings, the burden of proof is on the claimant. 19 U.S.C.A. § 1615. United States v. One Dodge Coupe, D.C., 43 F.Supp. 60; United States v. Andrade, 9 Cir., 181 F.2d 42. In the instant case the testimony of the city police officers, which it is held would be admissible, would clearly establish cause for the institution of this proceeding and would also establish plaintiff's right to forfeiture of the vehicle in question.

For the reasons stated herein a judgment of forfeiture will be entered in accordance with the prayer of the libel of the plaintiff.