UNITED STATES v. ONE 1951 CADILLAC COUPE DE VILLE, ENGINE NO. 516232421.

Civ. 9856.

United States District Court
W. D. Pennsylvania.

Nov. 10, 1952.

Edward C. Boyle, U. S. Atty. Philip O. Carr, Asst. U. S. Atty., Pittsburgh, Pa., for libellant.

J. U. Anderson, Jr., Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for claimant Peoples Consumer Discount Co.

Paul F. Jones, Pittsburgh, Pa., for claimant, Herman Ross.

STEWART, District Judge.

The Government filed a libel for forfeiture of an automobile, one 1951 Cadillac Coupe DeVille, Engine No. 516232421, allegedly used to transport narcotics in violation of 49 U.S.C.A. § 781. Both the owner and the chattel mortgagee have filed answers to the libel, each asserting a claim to the automobile. A hearing was held on the libel at which time it was agreed by all parties that the case be submitted on the transcript of the trial of the criminal action brought against the owner and growing out of the same state of facts. Upon this transcript and the record in this case, we make the following findings of fact.

### Findings of Fact

1. The respondent, Herman Ross, is the registered owner of one 1951 Cadillac Coupe DeVille, Engine No. 516232421, and was the owner thereof on August 6, 1951 and for some time prior thereto.

2. On August 6, 1951, the said motor vehicle, operated by Herman Ross and in which Pearl Wilkinson Ross was riding, was stopped on the Pennsylvania Turnpike by two state patrolmen and the two occupants were taken into custody.

3. At that time, the motor vehicle was being used to transport 220 grains of heroin which, in violation of Section 2553 of Title 26 U.S.C., had not been purchased in the original stamped package or from the original stamped package and which did not bear appropriate tax-paid internal-revenue stamps as required by law.

4. On or about August 6, 1951, the motor vehicle was seized by William T. Duffy, Agent, United States Bureau of Narcotics, Treasury Department.

5. On September 11, 1951, the United States filed a libel for forfeiture of the said motor vehicle.

6. Pursuant to an order of this Court dated September 11, 1951, the usual war-

288

rant of seizure and monition was issued on that date.

## Conclusions of Law

1. Section 781(a) of Title 49 U.S.C.A., provides in part:

"It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; * * *."

2. Section 781(b) of the same title defines contraband:

"As used in this section, the term 'contraband article' means—(1) any narcotic drug * * * which has been acquired or is posessed, sold, transferred, or offered for sale, in violation of any laws of the United States dealing therewith; * * *. or which does not bear appropriate tax-paid internal-revenue stamps as required by law or regulations".

3. Section 2550(a) of Title 26 U.S.C., imposes a tax on heroin as a derivative of opium and Section 2553 of the same title makes it unlawful to purchase any heroin except in the original stamped package and provides that the absence of appropriate tax-paid stamps from the drug container shall be prima facie evidence of a violation thereof.

4. Therefore, since the heroin transported in the motor vehicle here involved did not bear appropriate tax-paid internal revenue stamps and since it was not purchased in the original stamped package or from the original stamped package, it was a "contraband article" within the meaning of Section 781.

5. Section 782 of Title 49 U.S.C.A., provides:

"Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of section 781

of this title has taken or is taking place, shall be seized and forfeited".

6. On August 6, 1951, the motor vehicle here involved was being used in violation of Section 781.

7. Consequently, the said motor vehicle will be declared forfeited to the United States. An appropriate order will be entered.

## Discussion

 There are several facets to this case which require discussion. First, respondent-claimant, Herman Ross, argues that since a judgment of acquittal was entered on his behalf at the close of the government's case in the criminal action growing out of this same set of facts, and since that same trial resulted in a verdict of not guilty as to Pearl Wilkinson Ross, the Court may not forfeit the motor vehicle for the reason that the judgments of acquittal in the criminal case are determinative of the issue here. This is not the law. An acquittal in the criminal action does not bar these forfeiture proceedings. United States v. Physic, 2 Cir., 1949, 175 F.2d 338; United States v. One 1949 Lincoln Coupe Auto, D.C.S.D.N.Y.1950, 93 F.Supp. 666. Further, the action of the Court in granting the motion for a judgment of acquittal at the close of the Government's case with respect to the owner, Herman Ross, is not inconsistent with a finding here to the effect that the motor vehicle was being used to transport the narcotics. While the evidence would not support a finding that Herman Ross was in possession of the narcotics, an element essential to prove the crime charged in the indictment, it does support the finding here made to the effect that the narcotics were in the motor vehicle and that it was being used to transport them. Finally, while the burden of proof in the criminal case was on the Government, the burden of proof in this forfeiture proceeding is on the claimant.[1] United States v. Andrade, 9 Cir.,

1. Section 784 of Title 49 U.S.C.A., provides that:

"All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of vessels and vehicles for violation of the customs laws; the

disposition of such vessels and vehicles or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims and the award of compensation to informers in respect of such forfeitures

1950, 181 F.2d 42; W. E. Dean & Co. v. United States, 5 Cir., 1948, 171 F.2d 468. The Government presented enough evidence to make out a prima facie case establishing probable cause for seizure thereby casting the burden on claimants. This burden has not been met in this case.

 This case is further complicated by the fact that the motor vehicle was mortgaged. The chattel mortgagee has filed an answer to the libel asserting innocence on its part, and asking that in the event a decree of forfeiture be entered, payment to the chattel mortgagee by the United States of the chattel mortgagee's lien be made a concurrent condition to such forfeiture. It is well settled that the innocence or want of knowledge of the owner or lienor is no bar to forfeiture. United States v. Andrade, supra; United States v. One 1949 Lincoln Coupe Auto, supra; United States v. Childs, D.C.N.D.Ga.1942, 43 F.Supp. 776. This is true only where the motor vehicle is lawfully in the possession of the person operating it at the time of its illegal use since Section 782 of Title 49 U. S.C.A., provides:

"That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

In this case, it is clear that the motor vehicle was lawfully in the possession of Herman Ross and in fact the chattel mortgagee does not contend otherwise.

shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this chapter, insofar as applicable and not inconsistent with the provisions hereof".
Section 1615 of Title 19 U.S.C.A., titled "Burden of proof in forfeiture proceedings" provides that:
"In all suits or actions brought for the forfeiture of any * * * vehicle

 Moreover, this Court has no jurisdiction to grant the remission of forfeiture requested by the chattel mortgagee. United States v. Andrade, supra; United States v. Gramling, 5 Cir., 1950, 180 F.2d 498; United States v. Heckinger, 2 Cir., 1947, 163 F.2d 472; United States v. One 1941 Plymouth Tudor Sedan, 10 Cir., 1946, 153 F.2d 19; United States v. One 1946 Plymouth Sedan, D.C.E.D.N.Y.1946, 73 F. Supp. 88. Under these decisions and the applicable statutes, the sole remedy of the innocent lienor is an administrative one by application to the Secretary of the Treasury as provided in Section 1618 of Title 19 U. S.C.A. This section is made applicable to the present forfeiture proceeding by virtue of the provisions of § 784 of Title 49 U.S. C.A. We must, therefore, deny the remission requested by the respondent chattel mortgagee.

 At the hearing which was held on this libel, counsel for the chattel mortgagee stated that he had proceeded pursuant to Section 1618 and had filed a petition with the Secretary of the Treasury. He stated further that he had received from the office of the United States Attorney for this District a copy of a letter from the office of the Attorney General of the United States which notified him of a refusal of the petition for administrative relief stating as a reason therefor "that the petitioner failed to bring itself within the remission statutes". This letter stated further that the comments on the matter in a letter from the office of the United States Attorney for this District and in a report of the Bureau of Narcotics had been taken into consideration in passing on the petition. Counsel for the chattel mortgagee took the position at the hearing and in his written memo submitted to the Court that

* * * seized under the provisions of any law relating to the collection of duties on imports * * *, where the property is claimed by any person, the burden of proof shall lie upon such claimant; * * *. Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court, * * *."

this letter did not constitute a disposal of its petition by the Secretary of the Treasury, and asks the Court to make any forfeiture decree conditional upon receipt by the chattel mortgagee from the Secretary of Treasury "of an answer to its petition for remission or mitigation of forfeiture which conforms to law".

We must refuse this request since it seems clear that the letter from the office of the Attorney General of the United States constituted an answer disposing of the petition. The chattel mortgagee argues that this letter does not constitute action by the Secretary of the Treasury since it merely indicates action by the Attorney General. However, by Executive Order 6166, dated June 10, 1933, the discretionary power under § 1618 of Title 19 U.S.C.A., was delegated to and vested in the Attorney General in cases referred to the Department for prosecution or where action had been commenced. The petition to the Secretary of the Treasury was filed on the same date as that of the filing of the libel in this case so that the above executive order is clearly applicable here. Consequently, the chattel mortgagee's first point lacks merit.

■ The remaining contentions are based on a consideration of the merits of the petition, and, in effect, ask this Court to review the action of the Attorney General in denying the petition for remission or mitigation. This Court has no jurisdiction to review the action of the Secretary of the Treasury or his delegated representative, even if the refusal to grant remission be arbitrary. United States v. Gramling, supra; United States v. One 1946 Plymouth Sedan, supra. In this last cited case, Judge Kennedy stated, 73 F. Supp. 88, 90:

"My conclusion is that when seizure of a contraband-carrying vehicle is made under the Act of 1939, 49 U.S.C. A. § 781 et seq., the remedy, and the only remedy, of the innocent owner or lienor is through an act of grace on the part of the Cabinet officer in whose jurisdiction the seizure lies."

This decision was cited with approval by the Court of Appeals for the Second Cir-

cuit in United States v. Heckinger, supra. Therefore, we must deny the request of the chattel mortgagee in this respect also.

We make one final observation regarding this case. The evidence would have sustained a finding that the motor vehicle involved was being used to transport 192 grains of marihuana as well as the 220 grains of heroin. However, since, the evidence did not so clearly establish that the marihuana constituted contraband within the meaning of § 781 of Title 49 U.S.C.A., and since such a finding was not necessary to the decision, we have not discussed this aspect of the case. We mention this now for the reason that we do not desire to create a decisional inference to the effect that the marihuana in this case did not constitute contraband.