Dear Mr. Pylant:
This office is in receipt of your opinion request of recent date wherein you ask whether the actual owner of a motor seized and forfeited as part of an automobile which was seized and forfeited in connection with a drug arrest, can reclaim the motor due to the fact alleged by the owner that he had allowed the perpetrator of the crime to borrow the motor prior to the perpetrator's arrest.
Our response is governed by the provisions of Exemptions, LSA-R.S.40:2605. Therein, note that a claimant in an action to prevent forfeiture must have acquired ownership of the object seized after the completion of the conduct that gave rise to its forfeiture.
The requirements of the claimant, which are applicable, are found in LSA-R.S. 40:2605. It states in pertinent part:
 A property interest is exempt from forfeiture if its owner establishes all of the following:
 7. That he is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur.
 8. That he had not acquired or did not stand to acquire substantial proceeds from the conduct, which gave rise to its forfeiture.
 9. That he did not hold the property jointly, in common, or in community with the person whose conduct gave rise to its forfeiture.
 10. That he did not hold the property for the benefit of or as an agent for any person whose conduct gave rise to its forfeiture.
 11. That no person whose conduct gave rise to its forfeiture had the authority to convey the interest to a bona fide purchaser for value at the time of the conduct.
 12. That the owner or interest holder acquired the interest after the completion of the conduct giving rise to its forfeiture
In the situation at hand, the claimant was the owner of the motor prior to the conduct giving rise to its forfeiture. This is true because the claimant allowed the perpetrator to borrow the motor prior to the actual conduct, which gave rise to its forfeiture.
Therefore, we conclude that the claimant may not have the motor returned to him because he was the owner of the property before the completion of the conduct, which gave rise to its forfeiture.
Additionally, our response is governed by the provisions of Claims, LSA-R.S. 40:2610. Therein, note that a claimant in an action for recovery of seized items must follow certain procedural requirements in order to have the property returned.
The requirements of the claimant, which are applicable, are found in LSA-R.S. 40:2610. It states in pertinent part:
 C. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
 D. The claim shall be in affidavit form, signed by the claimant under oath, and sworn by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:
 1. The caption of the proceedings set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
2. The address where the claimant will accept mail.
3. The nature and extent of claimant's interest in property.
 4. The date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property.
 5. The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
6. All essential facts supporting each assertion.
7. The specific relief sought.
Even if Mr. Gill could have made a showing that he was entitled to a return of the motor (which analysis of the facts presented indicate that he could not make such a showing), he failed to take the necessary steps to challenge the forfeiture.
Therefore, we further conclude that the claimant, Mr. Gill, may not have the motor returned because he failed to comply with the procedural requirements of LSA-R.S. 40:2610.
Regarding Federal law, our response is governed by the provisions of Seizure and Forfeiture, 49 U.S.C.A. § 80303 (formerly 49 U.S.C.A. § 782). Therein, note that a claimant in an action to prevent forfeiture must prove both, that he was not involved in the illegal action and that the perpetrator was in unlawful possession of the property at the time of the illegal action.
The requirements of the claimant, which are applicable, are found in 49 U.S.C.A. § 80303 (formerly 49 U.S.C.A. § 782). It states in pertinent part:
 Any vehicle which has been or is being used in violation of any provision in section 80302(formerly section 781) shall be seized and forfeited except when the owner establishes that a person except the owner committed the violation when the vehicle was in possession of a person who got possession by violating a criminal law of the United States.
Additionally, our response is governed by the provisions of Burden of Proof in Forfeiture Proceedings, 19 U.S.C.A. § 1615. Therein, note that the burden of proof lies with the claimant.
The burden of proof requirements of the claimant, which are applicable, are found in 19 U.S.C.A. § 1615. It states in pertinent part:
 In all suits or actions brought for the forfeiture of any vehicle seized under the provisions of any law relating to the collection of duties on imports where the property is claimed by any person, the burden of proof shall lie upon such claimant.
In United States v. One 1951 Cadillac Coupe De Ville, Engine,108 F. Supp. 286, 289, the court states, " It is well settled that the innocence or want of knowledge of the owner or lienor is no bar to forfeiture. This is true only where the motor vehicle is lawfully in the possession of the person operating it at the time of its illegal use."
In the situation at hand, the claimant may not have been involved in the illegal activity that led to the perpetrator's arrest, however the perpetrator had lawful possession of the forfeited property because the claimant allowed the perpetrator to borrow it.
Therefore, we further conclude that the claimant may not have the motor returned to him because the motor was the subject of a lawful seizure and forfeiture and because said perpetrator was in lawful possession of the motor at the time of the perpetrator's illegal activity.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ PEGGY GOODS ASSISTANT ATTORNEY GENERAL
PG/kw/jy
Date Released: August 19, 2002