## UNITED STATES v. ONE DODGE TRUCK, 1936 MODEL, MOTOR NO. T–2354116, SERIAL NO. 8151734.

### No. 129.

District Court, M. D. Pennsylvania.
July 7, 1939.

232

Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa.

Clarence C. Mendelsohn, of Reading, Pa., and Nogi, Harris & Nogi, of Scranton, Pa., for claimant, Public Finance Service, Inc.

WATSON, District Judge.

This case is before the Court on a petition to remit the forfeiture of a Dodge Truck seized for the unlawful transportation of distilled spirits upon which the Federal Tax had not been paid.

The truck here involved was purchased by one Louis Cotler in August 1938, and title to the truck was taken in the name of Steve Rady, Jr. Both Cotler and Rady were residents of Pottsville, Pennsylvania. On October 3, 1939, Rady and Cotler entered the office of Credit Service, Inc., a small loan company in the city of Read-

ing, Pennsylvania, and attempted to negotiate a loan on the truck. The manager of Credit Service, Inc. refused to make the loan because the rules of his company did not permit him to make a loan without an investigation. Rady, who desired an immediate loan, lived about thirty-five miles from Reading, and an investigation could not have been made on the same day that he applied. Rady was referred to another loan company in Reading, Public Finance Service, Inc., the petitioner here, by the manager of Credit Service, Inc. Thereupon, Rady, Cotler, and a Mr. Mendelsohn went to the petitioner who granted the loan. Mendelsohn, a resident of Reading, stated to the petitioner that he knew Rady; that Rady was in the butcher business; and recommended him as a good risk. A bailment lease of the truck was executed by the petitioner and Rady, and an encumbrance was noted on the title to the truck and filed with the Department of Revenue in Harrisburg, Pennsylvania. The lease provided for the vesting of the right of possession in the petitioner, and the termination of the lease if the truck was used in unlawfully transporting liquor, wines, or other beverages.

The petitioner, at the time of making the loan to Rady, did not know or suspect that the truck had been purchased by Cotler. Cotler did not reveal his interest in the truck nor did Rady indicate that Cotler had an interest therein.

Cotler had a record in both the Federal and State Courts for possession of illegal liquor, but Rady had no such record and he had no reputation in Pottsville for violating liquor laws. However, the petitioner made no investigation at the time of making the loan to the applicant other than securing the information obtained from Mendelsohn.

On October 14, 1938, the truck was found containing distilled spirits upon which no tax had been paid, and the truck was seized by agents of the Government. On April 1, 1939, a libel proceeding was instituted by the United States and the car was forfeited. Thereafter, the Public Finance Service, Inc., filed a petition to intervene as a defendant and this petition was granted. The petitioner then filed the petition for remission which is now before the Court.

The statute, under which this petition was filed, has been considered by the Supreme Court in the recent case of United

States of America v. One 1936 Model Ford V–8 De Luxe Coach, etc., 307 U.S. 219, 59 S.Ct. 861, 869, 83 L.Ed. ——, filed May 22, 1939. That case involved facts very similar to those now under consideration in this case. There Guy Walker purchased a car and title was taken in the name of his brother, Paul Walker. Guy Walker had a record and reputation as a bootlegger. The investigation made by the loan company did not reveal any record or reputation for bootlegging on the part of Paul Walker, and the petitioner had no knowledge of the interest of Guy Walker. Guy Walker, at the time of the making of the loan, lived with Paul Walker. The Supreme Court held that the petition for remission of the forfeiture was properly granted.

The only material difference between the case cited and the present case is the fact that the petitioner here did not make any investigation of the applicant to ascertain his record or reputation as a bootlegger. The question, therefore, to be determined here is, whether or not this omission is fatal to the petitioner's case.

■ Sub-section b(3) of Title 27, U.S.C.A. § 40a, requires the investigation of any person having an interest in the forfeited vehicle if such person has a record or reputation for violating laws of the United States or any State relating to liquor. It is clear that this section did not require an investigation of the record or reputation of Rady because Rady did not have a record or reputation for bootlegging.

■ Cotler, however, had an interest in the truck and also a record as a bootlegger. But where the interest of a person is not known or suspected by the claimant of the vehicle, the failure to investigate such person is not a bar to the granting of the petition, nor is it necessary to question the seller of the vehicle. "No greater reason exists for saying a claimant should be relieved if he made unsuccessful inquiry of the seller concerning undisclosed matters than there is for relief when he had no cause to suspect the existence of an undisclosed interest—no cause to question appearances." United States v. One Ford V–8 De Luxe Coach, supra. The Supreme Court proceeded to state that "These facts [discussions of the Senate Committee] indicate that Congress intended a reasonable inquiry concerning the bootleg risk should be made in connection with the investigation of financial responsibility." It must, therefore, follow that if a reasonable investigation of an applicant would reveal such facts as to give the claimant cause to suspect the interest of a third person, the negligence of the claimant in not making such investigation would prevent the granting of his petition. Even the liberal ruling of the Supreme Court does not authorize loan companies to deliberately or negligently close their eyes to facts which would indicate a probable illegal use of the vehicle, or the interest of a person with a reputation or record for bootlegging.

■ The Government introduced some evidence tending to show that if a reasonable investigation had been made of Rady, the claimant would have had reason to suspect the existence of Cotler's interest. This evidence revealed that Rady lived with Cotler and worked for him and that Rady had incurred a hospital bill a few months before purchasing the truck which bill was not paid. This evidence was introduced to show that Rady was financially unable to purchase the truck at that time and that the claimant should then have assumed that Cotler was the one who furnished the money and actually purchased the truck. However, Rady was engaged in butchering and selling meat as well as working for Cotler and he had been employed for several years in various positions. Under these circumstances, it cannot be held that the claimant should have believed that Rady was financially unable to purchase the truck. Failure to pay hospital bills is too frequently not due to financial inability. The fact that Rady lived with Cotler is not sufficient indication of Cotler's interest to require investigation. United States v. One Ford V–8 De Luxe Coach, supra.

■ The attitude which the Court must adopt in applying the act here involved is stated in the above cited case to be that "forfeitures are not favored; they should be enforced only when within both letter and spirit of the law." Under this principle, there can be no other conclusion but that the petition for remission in this case should be granted.

The petition for remission of the forfeiture of the above entitled Dodge truck is granted, all costs of this proceeding to be paid by the petitioner.