Michael J. Montesano, J.
This is a proceeding pursuant to section 3353 of the Public Health Law of the State of New York wherein the City of Buffalo seeks an order of this court adjudging a Chevrolet automobile forfeited to it. The automobile was in possession of a conditional vendee and was used by him and his employee in the traffic of narcotics resulting in the conviction *494 of the employee under section 3305 of the Public Health Law and the indictment of the conditional vendee for violation of subdivision 1 of section 1751 of the Penal Law of the State of New York. The vehicle, having been used to facilitate the transportation of narcotics, is subject to seizure (Public Health Law, § 3353, subds. 1, 2). G-eneral Motors Acceptance Corporation, the assignee of the conditional vendor (hereinafter referred to as Intervenor), prior to the commencement of this proceeding, made application to the corporation counsel for the release of the seized automobile to it as the owner thereof. The statute provides that if, in the opinion of the corporation counsel, the “ ends of public justice * * * require ” it, the property subject to forfeiture may be returned “ to the owner thereof ” (subd. 4). The Intervenor’s application was denied.
The Intervenor was served with a notice of the present proceedings. It has intervened and petitions this court for the return of the seized vehicle as the owner thereof or in lieu thereof that it be paid the sum of $1,551.81 due it as assignee of the conditional vendor of the seized automobile.
Prior to the purchase of the conditional sales contract from its then owner, the Intervenor demanded and received from its assignor a financial statement of the vendee and caused to be made a fairly thorough investigation to ascertain the general reputation of the vendee and his delinquencies, arrests and convictions, if any. It communicated with various discount and finance corporations with whom the vendee had theretofore transacted business; it inquired of various investigative agencies and the Federal Bureau of Narcotics to ascertain if the conditional vendee had a record or reputation for violating the State and Federal laws relating to the transportation, sale and use of narcotics. The result of the inquiries so made disclosed no arrests, convictions nor anything otherwise detrimental to his reputation. Having exercised diligence and reasonable care in its inquiry concerning the conditional vendee before the purchase of the sales contract, it urges that it has “ by [a] preponderance of the evidence” shown the violation was “not intentional on the part of [the] owner ” and therefore entitled to the restoration of the automobile (subd. 6).
The petitioner contends that the intervenor, as the assignee of the conditional vendor, is a lienor and not an “ owner ” within the meaning of section 3353 and, therefore, not entitled to any relief. It claims that the State statute under review affords relief upon good cause shown only to “ owners ” and it is in that respect unlike analogous Federal statutes which grant relief to owners, lienors, mortgagees and others who have just *495 claims against the seized property. It urges that an owner not in possession is not in contemplation of the statute or within its meaning one entitled to avail himself of its benefits. It relies on United States v. Montgomery (289 F. 125, 126) as authority for its latter position. I do not so read that court’s decision. It interpreted section 26 of the National Prohibition Law, as it then read (1923) as affording relief to a lienor and not to a conditional vendor. It said: “So that we are not now dealing with a lienor asserting rights accorded him by title 2, section 26, of the National Prohibition Law (41 Stat. 315), but with an owner who has voluntarily parted with the possession and control of the car and has received $1,230. for so doing.” Certainly the petitioner can derive no comfort from such a statement nor because, by what I consider dictum, it wrote “ that an owner, who while retaining title in himself delivers a car on conditional sale with power to use it in any way that the buyer may desire, cannot escape a forfeiture if the buyer use it unlawfully, by claiming that such unlawful use was without his knowledge ” (p. 127). Observe that the conditional vendor is nonetheless an “ owner ” although in the setting therein described it was in no position to show “ good cause ” against a forfeiture.
The opinions in United States v. Montgomery (supra) and United States v. Bostick (289 F. 127), were written by the same District Judge and within about a month of each other. The intervenor therein was a conditional vendor; the court denied him relief not upon the ground that he was not an owner but because “ ‘ an owner with more control [than a lienor] can justly be held to greater accountability ’ * * * and the statute requires more of the owner than of the lienor ” (p. 129). The logic of this reasoning runs counter to his suggestion wherein he writes that ‘ ‘ Sellers may avoid the difficulties presented by this construction of the statute by transferring title and taking a lien, in which case the interest of a defendant may be forfeited to the government, and the rights of the lienor protected ” (p. 129). I fail to see why an owner, who by signing a different legal instrument transforms himself from a conditional vendor to a lienor, should not be held to the same degree of accountability. Form is no substitute for substance and reality.
A conditional vendor both at common law and by statute (Personal Property Law, §§ 61-65), is vested with title to the property and the owner thereof. In Baker v. Hull (250 N. Y. 484, 486-487) the court wrote: “ Under a conditional sale contract, at common law, no title passed to the buyer until the contract price had been paid. Consequently, neither an execu *496 tion issued against the property of the buyer, nor a levy thereunder, gave rise to a lien upon the chattel sold. (Herring v. Hoppock, 15 N. Y. 409; Hasbrouck v. Lounsbury, 26 N. Y. 598; Ballard v. Burgett, 40 N. Y. 314; Cole v. Mann, 62 N. Y. 1; Goetschius v. Brightman, 245 N. Y. 186.) The common-law rule, with exceptions stated, has been declared by statute. (Personal Property Law [Cons. Laws, ch. 41], §§ 64, 65.) ” An assignee of the conditional sales contract such as the Intervenor is of course in the same legal position as his assignor (Manhattan Taxi Service Corp. v. Checker Cab Mfg. Corp., 253 N. Y. 455, 460).
The rights of the Intervenor finance corporation in this proceeding are in the main dependent upon the interpretation of subdivisions 4-6 of the statute. Counsel for the parties have neither cited nor referred me to any authorities construing it, nor has the court, in its limited research, discovered any in point. However, there is a plethora of precedents and judicial pronouncements interpreting and construing analogous provisions in óur Federal statutes. (See U. S. Code, tit. 19, § 1618, Remission or mitigation of penalties; tit. 49, §§ 781, 782, Seizure and forfeiture of vehicles used in transporting narcotics, etc.; tit. 18, § 3617, Remission or mitigation of forfeitures under liquor laws; Associates Investment Co. v. United States, 220 F. 2d 885; United States v. One Dodge Truck, 28 F. Supp. 231; United States v. One Chevrolet Sedan, 18 F. Supp. 799; United States v. Federal Credit Corp., 117 F. 2d 341; United States v. One Ford V-8 Truck, 17 F. Supp. 439; United States v. One 1951 Cadillac, 108 F. Supp. 286; United States v. One 1950 Chrysler, 117 F. Supp. 222). Reference shall be made to but two of the many cases on this subject.
United States v. One 1935 Ford (13 F. Supp. 104), considered the facts in a situation quite similar to those in this proceeding. There the C. I. T. Corporation, a finance company the assignee of the conditional sale contract, sought relief from a forfeiture. The investigation made therein was no more extensive than that made by the Intervenor. It was held that the finance company had exercised reasonable care in its investigation and as a conditional vendor was entitled to relief.
In United States v. One Ford Coach (307 U. S. 219, 226, 235), in which the facts were not unlike those under consideration, referring to a remission of forfeiture statute, the court said: ‘ ‘ Manifestly, § 204 is a remedial measure. It empowers the courts, exercising sound discretion, to afford relief to innocent parties having interests in condemned property where the claim is reasonable and just. * * * If any claimant has been neg *497 ligent or in good conscience ought not be relieved, the court should deny his application “A measure requiring absolute forfeiture under such circumstances probably would be expressed in language sufficiently plain to admit no reasonable doubt.”
It is urged that the design of the Legislature was to except from the provision of the statute only common carriers (subd. 2), and not conditional vendors, mortgagees and lienors. We cannot ascribe such a strict, narrow and strained interpretation to a remedial statute. If we exclude those in that category as entitled to relief upon good cause shown, it is difficult to understand to whom the benefits of the statute are available.
It is a matter of common knowledge that a high percentage of automobiles sold are financed by conditional sales contract. Surely the Legislature was not unaware of that which was and is common knowledge. It did not intend to enact legislation that could seriously impede or obstruct the usual outlets of the automobile business.
This condition was noted by the court in United States v. One 1935 Ford (supra, pp. 106-107) where it made this observation: “ The business of financing the purchase by individuals of automobiles, through the medium of discounting purchase-money notes secured by conditional sales agreements, has become a widespread activity in this country. Through such financing, individuals of moderate means have been able to purchase, use, and enjoy automobiles which would have been beyond their means to acquire except for such financing. The salutary aid given to enforcement of the internal revenue laws by the enactments of Congress authorizing the seizure of automobiles found engaged in unlawful liquor traffic must not be construed to have the effect of requiring unreasonable and generally unnecessary inquiry to be made ”.
I hold that a conditional vendor is an owner and not a lienor within the meaning of the statute under discussion.
It is elementary that forfeitures are not favored in law, they are considered harsh and statutes designed to relieve from the rigors of forfeiture are looked upon favorably and construed liberally. The statute under review is a penal one and should be liberally construed in favor of the Intervenor. The Intervenor acquired the conditional sale contract in good faith and for a valid consideration and it made diligent inquiry and adequate investigation concerning the record and reputation of the conditional vendee. Under the facts here shown and undisputed, it is intended to afford relief, not only to common carriers which it specifically excepted, but also to “ owners ” and “ any person *498 interested in any property which is seized and declared forfeited under the provisions of this section” (snbd. 8). I, therefore, find that it is not only an ‘ ‘ owner ’ ’ within the purview of the statute but a “ person interested in [the] property ” and as such has established by a “ preponderance of the evidence ” that it is entitled to the relief sought.
The petition of the City of Buffalo for a forfeiture order is granted; the order to provide for the restoration of the property to the Intervenor or, in the alternative, the sale thereof by public sale pursuant to statute; if the net proceeds realized from the sale are less than the sum of $1,551.81, it be paid and delivered over to the Intervenor; and if in excess thereof, the excess be retained by the City of Buffalo and dealt with in accordance with the provisions of subdivision 7 of section 3353.
Enter order accordingly.