Michael J. Montesano, J.
The intervenor moves to resettle the order herein (ante, p. 492) which directed the return or sale of an automobile adjudged forfeited pursuant to section 3353 of the Public Health Law. It is urged that a finding having been made declaring the intervenor an “ owner ”, innocent of wrongdoing, the order should have directed the automobile restored to the owner without declaring* it forfeited (subd. 6, par. [a]).
I found the intervenor as the assignee of the conditional vendor vested with title to the automobile and as such an ‘ ‘ owner ’ ’ within the meaning of the statute. It is not, however, the absolute owner since its conditional vendee has, upon compliance with the provisions of the conditional sales contract, the right to redeem and upon a sale to the surplus money. This may be a valuable right which should not be available to the vendee found guilty of violating the statute. I therefore adjudged the automobile forfeited from which it followed the City of Buffalo, and not the guilty vendee, could avail itself of this right.
If the intervenor were an unconditional owner, perhaps a forfeiture could not have been declared and in such case the order should have directed restoration of the seized property without an adjudication of forfeiture. But the statute provides that when a party ‘ ‘ interested in any property ’ ’ petitions for relief the “ justice of the supreme court ” may grant it upon such conditions he deems reasonable (subd. 8). The petitioning intervenor in this proceeding has a dual status. It is both an owner and an interested party; as the latter it is entitled to the relief granted by the order under review.
The order if executed will result in substantial justice to the parties hereto and insure that the vendee will have lost all rights to the automobile used in his violation of the statute.
The views expressed herein are intended to clarify, if clarification is needed, my memorandum and the order entered thereon which makes a resettlement thereof unnecessary. Motion denied.