■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRADLEY KREICHMAN, Appellant.— Judgment of conviction, Supreme Court, New York County, rendered October 19, 1973, reversed, on the law, and the case remanded to Trial Term, Supreme Court, New York County, for further proceedings not inconsistent herewith. Police on patrol directed their attention to a large impressive vehicle occupied by two unkempt youths, one of whom, the passenger, was seen holding a marijuana cigarette. At a stop, one officer knocked on the window and identified himself; the car took off at once, chased by the officers and others summoned by them. Blocked by a fire truck, the pursued vehicle stopped and both defendant and his passenger were seized after a scuffle. The passenger was found to have a marijuana cigarette in his pocket. Pursuing the only other apparent violations of law, one of the officers asked for license and registration and was directed to the glove compartment, where the documents were found. Though, logically, the goals of the two searches incident to the two arrests had thus been achieved, the officers now turned their attention to the unlocked trunk, wherein was discovered a quantity of marijuana in a zippered container. Defendant-appellant, the driver, was charged with its possession. A motion to suppress was denied after hearing, and that order comes up for review on the appeal from the judgment of conviction. We find the denial erroneous inasmuch as the warrantless search of the car trunk was not incident to the arrests either for possession of the lone marijuana cigarette or for the other violations committed during the chase and capture. While it may be proper in an arrest situation for an officer to search the immediate area for a weapon or contraband capable of being easily destroyed (*Chimel* v. *California*, 395 U. S. 752), there was no basis for that action here. The police controlled the trunk and the handcuffed arrestees. Had the circumstances justified it, there was ample opportunity for a warrant to have been secured. Though sheer speculation might have so indicated, there was no basis for a reasonable belief that anything connected with the arrests or indeed any violation of law was in the trunk. (See *People* v. *Chestnut*, 43 A D 2d 260; *People* v. *Brown*, 28 N Y 2d 282.) What is set forth in the dissent as a " totality of circumstances " justifying search of the *trunk* — and that is all that is involved on this appeal — actually led no further, in all logic, than to the cigarette found in the passenger's pocket. Much of what is said there relates to flight, which may be considered on a trial as some evidence of consciousness of some undifferentiated guilt, but certainly provides no basis for a belief that contraband is in the trunk of the vehicle of that flight. Nor was the vehicle itself, as the People assert, contraband under section 3353 of the Public Health Law, then in force. In the circumstances, and bearing in mind that there were charges against defendant unconnected with possession of marijuana, we remand for further proceedings, with specific permission to appellant to move, if so advised, to withdraw his plea of guilty. (See *People* v. *Woodward*, 39 A D 2d 544.) Concur — Markewich, Murphy and Macken, JJ.; McGivern, P. J., and Lupiano, J., dissent in the following memorandum by Lupiano, J.: I would affirm the judgment of the Supreme Court, New York County, rendered October 19, 1973. The facts presented by the majority are

fairly stated. However, in my view, they warrant the conclusion that probable cause existed for the warrantless search of the automobile utilized by the defendant in his precipitous flight. Admissibility of evidence seized without a warrant depends on whether it is the product of a search incident to the arrest *or* probable cause exists, as in the instant case, not only to stop the car and make the arrest, but also to search the car for narcotics (see *Chambers* v. *Maroney*, 399 U. S. 42). " In terms of the circumstances justifying a warrantless search, the Court has long distinguished between an automobile and a home or office." (*Chambers* v. *Maroney, supra,* p. 48, citing *Carroll* v. *United States,* 267 U. S. 132.) The search of a motor vehicle on probable cause proceeds on a theory wholly different from that justifying the search incident to an arrest. As was stated in the *Chambers* case, again quoting from *Carroll* (p. 49) : " ' The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' " To recapitulate the critical facts : (1) the police officers observed defendant and one Nixon in a motor vehicle, the latter holding what appeared to be a marijuana cigarette, (2) one of the officers identified himself to the occupants of the car while it was stopped at a traffic light-controlled intersection, (3) defendant, the operator of the car, *immediately* accelerated and fled, (4) the officer returned to the unmarked patrol car and gave chase, (5) after a high-speed chase through the streets of the city, which, parenthetically, put at hazard the lives not only of the pursued and the pursuers, but also any other party who might innocently be in the path of the chase, the defendant was forced to stop when a fire truck blocked his path, (6) defendant and the passenger Nixon were apprehended, and the latter had on his person a marijuana cigarette, and (7) upon being asked for his license and registration defendant directed one of the police officers to the glove compartment where they were found, disclosing that the car, a late model Cadillac, was not stolen. As the car was not stolen, it strains credulity to believe that flight was occasioned because defendant's passenger was in possession of *one* marijuana cigarette. Thus, the police officers, experienced and trained in the ways of narcotic offenders, had every right to believe, as would even any inexperienced layman, that something more than a single marijuana cigarette caused defendant to take off in an attempted escape from arrest leading to a 14-block chase through the streets in breach of numerous traffic regulations and the endangerment of the public. The totality of circumstances gave the seizing officer more than ample grounds and reasonable cause to believe that the flight and attempted escape of the defendant was because of his knowledge that the contents of the automobile offended against the law. Under these circumstances, the presence of the marijuana cigarette observed and found served as the basis for probable cause justifying a complete search of the automobile. (*Chambers* v. *Maroney, supra.*) " If there is a reasonable belief before the search begins that the car contains contraband or evidence of a crime, the search may lawfully be made. (*People* v. *Brown,* 28 N Y 2d 282.) It has been said that ' sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment' (*Hill* v. *California,* 401 U. S. 797, 804)." (*People* v. *La Belle,* 37 A D 2d 135, 138–139.) Nothing said in *Chimel* v. *California* (395 U. S. 752), cited in support of the majority opinion warrants a contrary conclusion. Indeed, in *Chimel* the court noted (p. 764) : " Our holding today is of course entirely consistent with the recognized principle that, assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants ", and as Justice White noted in the *Chambers* case (399 U. S. 42, 51, *supra*), nothing in *Chimel* pur-

ported to modify or affect the rationale of *Carroll*, which in my view, compels an affirmance of judgment. With respect to the acceptable perimeters of probable cause, even in nonautomobile cases (see *Matter of Ricci S.*, 41 A D 2d 406, revd. on other grounds, 34 N Y 2d 775).