Donald J. Mark, J.
This is an application for an order directing the seizure of a chattel pursuant to CPLR 7102.
On October 3, 1974, the plaintiff entered into a retail installment contract with the defendant to secure the purchase of a certain 1974 Dodge Sports Wagon. Subsequently, the plaintiff was arrested on April 10, 1975, and charged with criminal possession of a controlled substance in the second degree in violation of section 220.18 of the State Penal Law. Because the said motor vehicle was allegedly used to transport narcotics in violation of section 781 of title 49 of the United States Code, it was confiscated by the Drug Enforcement Administration of the United States Department of Justice.
*654 This vehicle was released to the defendant by the Drug Enforcement Administration on April 18, 1975. By letter dated April 24, 1975, the defendant notified the plaintiff that it felt its security interest was in jeopardy and declared the outstanding balance immediately due and payable. The plaintiff has not defaulted in any of his obligations under the aforesaid contract, and no forfeiture proceedings have been instituted by either the Federal Government under section 782 of title 49 of the United States Code or the State Government under section 3388 of the Public Health Law.
The criminal charge against the plaintiff has just entered the criminal justice system. He has not yet been convicted or even indicted. Therefore, it is axiomatic that he must be presumed to be innocent. (CPL 70.20.)
The defendant has relied upon the following language of the retail installment contract to justify its retention of the motor vehicle and acceleration of payment: "In the event * * * the seller has reasonable cause to believe that the property is in danger of misuse or confiscation”. Such a provision is known as an "insecurity clause” (53 N.Y.Jur., Secured Transactions, § 140), and is authorized by section 1-208 of the New York Uniform Commercial Code.
This section reads as follows: "A term providing that one party * * * may accelerate payment * * * 'when he deems himself insecure’ or in words of similar import shall be construed to mean that he shall have power to do so only if he in good faith believes that the prospect of payment * * * is impaired. The burden of establishing lack of good faith is on the party against whom the power has been exercised.”
Section 3388 of the Public Health Law authorizes the State government to institute forfeiture proceedings against any motor vehicle used to transport controlled substances. However, subdivision 6 of that law provides as follows: "Forfeiture shall not be adjudged where the owners establish by preponderance of the evidence that: (a) the use of such seized property * * * was not intentional on the part of any owner”.
The defendant as the conditional vendor of the automobile involved in this case is an "owner” within the meaning of the aforesaid subdivision. (Matter of City of Buffalo v Brooks, 3 Misc 2d 492, affd 5 AD2d 752.) The protection of this subdivision is, therefore, available to the defendant because it was not responsible for the plaintiff’s alleged illegal use of this motor vehicle.
*655 Additionally, the cases in this State are uniform in holding that where the owner has no knowledge of another’s unlawful transportation of controlled substances in the owner’s motor vehicle and does not acquiesce therein, the owner is entitled to possession of such vehicle and the same is not subject to forfeiture. (City of Buffalo v Brooks, supra; Chmielewski v Rosetti, 59 Misc 2d 335; Sochemaro v Rosetti, 6 Misc 2d 23.)
However, Federal law has no provision comparable to subdivision 6 of section 3388 of the Public Health Law; section 881 of title 21 of the United States Code, and the Federal cases are equally uniform in holding that the innocence or lack of knowledge of the owner of a motor vehicle illegally used to transport controlled substances is no bar to forfeiture. (United States v One 1971 Lincoln Continental, 460 F 2d 273; United States v One 1967 Cadillac, 415 F 2d 647; United States v One 1961 Cadillac, 337 F 2d 730.) Since the charge against the plaintiff is likewise a violation of section 841 of title 21 of the United States Code, it should be considered a fortuitous circumstance that the more stringent Federal forfeiture statute has not been invoked in this case.
It thus must be determined if the fact that the plaintiff has been charged with illegally transporting controlled substances in violation of State law, thereby subjecting the defendant’s motor vehicle to a possible forfeiture proceeding by the State government to which the defendant has a defense, and to possible forfeiture proceeding by the Federal Government, to which the defendant has no defense, justifies the defendant in exercising its "insecurity clause”.
The criterion for permissible acceleration under section 1-208 of the Uniform Commercial Code (identical to section 1-208 of the New York Uniform Commercial Code) has the dual elements of whether: (1) a reasonable man would have accelerated the debt under the circumstances; and (2) whether the creditor acted in good faith. (Sheppard Fed. Credit Union v Palmer, 408 F 2d 1369.)
The test as to the good faith of the creditor in accelerating under an insecurity clause is a matter of the creditor’s actual mental state and this is not negatived by showing there was no basis for the creditor’s belief (Sheppard Fed. Credit Union v Palmer, supra), and it is immaterial whether the information upon which the creditor based his determination was in fact not true or the creditor was negligent in not examining to *656 determine whether it was true. (Van Horn v Van De Wol, Inc., 6 Wash App 959.)
Based upon the above case law (there is apparently no New York case on point), it cannot be said as a matter of law that the defendant accelerated in bad faith or that it did not have . reasonable cause to believe that the property was in danger of "misuse or confiscation”. The circumstances of this case are such as to justify the defendant’s action.
Although the United States Supreme Court has ruled that no notice need be given a defendant before a chattel is seized so long as a Judge has signed an order for the seizure (Mitchell v W. T. Grant Co., 416 U S 600), this State as a matter of policy is still requiring preseizure notice in replevin cases. (Supplemental Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, 1974-1975 Pocket Part, CPLR 7101.) This procedure was correctly followed in this case.
In Long Island Trust Co. v Porta Aluminum Corp. (44 A D 2d 118), it was held that the defendant could adequately protect his interest in the property at the argument of the motion, but that if a request were made to compel the plaintiff to produce witnesses it should be honored out of a "superabundance of caution”. Since, were it not for the co-operation of the Drug Enforcement Division, the position of the parties in this case would be reversed, the plaintiff here, if he desires, should be permitted to compel the defendant to produce witnesses.
Nevertheless, since the defendant is presumed to have accelerated the debt in good faith, the burden of proving lack of good faith is on the plaintiff. (New York Uniform Commercial Code, § 1-208; Sheppard Fed. Credit Union v Palmer, supra.)
Accordingly, the application of the plaintiff for an order directing the seizure of the 1974 Dodge Sports Wagon in the possession of the defendant is denied, with leave to the plaintiff to apply to the court for a hearing on this matter within five days after service of this decision and order.
This decision constitutes the order of the court.