OPINION OF THE COURT
Joseph J aspan, J.
By Indictment No. 810-79, the defendant was charged with six counts of criminal usury in the first degree and by Indictment No. 907-79, the defendant and Richard Bretz were each charged as codefendants with six additional counts of criminal usury in the first degree.
The defendant asks this court to declare section 190.42 of the Penal Law unconstitutional upon the ground that this usury statute is unconstitutionally vague and overbroad since *635 it fails to prescribe any standard of conduct by which a court or jury can determine whether or not the defendant’s acts constitute "a scheme or business” of making or collecting usurious loans.
The section reads as follows: "A person is guilty of criminal usury in the first degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period and either the actor had previously been convicted of the crime of criminal usury or of the attempt to commit such crime, or the actor’s conduct was part of a scheme or business of making or collecting usurious loans.”
The defendant acknowledges that the legislative purpose behind this statute was to proscribe the conduct of the "professional loan shark” and punish him more severely than the casual lender (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 190.42).
The question presented is whether the quoted language is sufficiently precise to clearly define the crime.
It is initially observed that a strong presumption of validity attaches to statutes and all legislative enactments are deemed to be constitutional until the invalidity of the law has been proven beyond a reasonable doubt (People v Broadie, 37 NY2d 100; People v Pagnotta, 25 NY2d 333).
" 'There is generally a very strong presumption that "the Legislature has investigated and found the existence of a situation showing or indicating the need for or desirability of the legislation.” ’ ” (Montgomery v Daniels, 38 NY2d 41, 54.)
Where the conduct proscribed is malum prohibitum, it should be clearly enunciated so that a reasonable man has notice of what is prohibited and what is required of him (People v Pagnotta, supra; People v Scott, 26 NY2d 286).
As the court stated in People v Shakun (251 NY 107, 113-114): "It is well settled that a criminal statute should narrowly be construed; that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal. [Citation omitted.] In People v Phyfe [136 NY 554] the court said: 'The citizen is entitled to an unequivocal warning before *636 conduct on his part, which is not malum in se, can be made the occasion of a deprivation of his liberty or property.’ ”
However, "this prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for '[i]n most English words and phrases there lurk uncertainties.’ * * * Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid. * * * All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden” (Rose v Locke, 423 US 48, 49-50).
In Rose, the Supreme Court was asked to declare a criminal statute proscribing "crimes against nature” unconstitutionally vague. In holding that the statute did not violate the due process clause, the court in applying the afore-mentioned standard, specifically held (p 50): "the phrase 'crimes against nature’ is no more vague than many other terms used to describe criminal offenses at common law and now codified in state and federal penal codes. The phrase has been in use among English-speaking people for many centuries”.
The terms "scheme” and "business” as used in the subject statute are not impermissibly vague.
As used in our vocabulary, the term "business” may be defined as an "undertaking engaged in for profit” (see Lefkowitz v Burden, 22 AD2d 881) or "that which habitually busies or occupies or engages the time, attention, labor and effort of men as a principal serious concern or interest or for livelihood or profit, Curley v. New England Trust Co., 221 Mass. 384, 109 N.E. 171, 174; Massolini v. Driscoll, 114 Conn. 546, 159 A. 480, 482” (Black’s Law Dictionary [4th ed]). It has a well-recognized meaning without need of further elaboration or definition.
Section 190.42 of the Penal Law is not the only penal statute which proscribes conduct which amounts to a "scheme”. Section 155.05 (subd 2, par [d]) of the Penal Law defines a larceny by false promise as a wrongful taking, obtaining, or withholding of another’s property when a person obtains that property pursuant to a scheme to defraud.
The term "scheme” is not defined in the larceny statutes. However, the court in People v Luongo (58 AD2d 895) held that where the evidence had established that the defendant *637 had obtained money from various individuals in connection with an investment plan commonly referred to as a "Pyramid” or "Ponzi” scheme, the People had met their burden of establishing a larceny by false promise, pursuant to a scheme to defraud.
Simply stated, a "scheme” is a "design or plan formed to accomplish some purpose” (Black’s Law Dictionary [4th ed]).
Moreover, as used in section 190.42 of the Penal Law, the terms "scheme” and "business” are meant to complement each other. Thus, where there is an undertaking or design or plan to engage in the proscribed action, you have a "scheme” or "business”.
In light of the above, I find that the term "scheme or business” is not so vague and standardless that it fails to meet due process requirements. It does not leave "the public uncertain as to the conduct it prohibits” or "judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case” (Giacco v Pennsylvania, 382 US 399, 402-403).
Accordingly, section 190.42 of the Penal Law is held to be constitutional.