OPINION OF THE COURT
Daniel Palmieri, J.
*634 The motion by the defendant (pro se) to dismiss, treated as one for summary judgment (CPLR 3212), is granted, and the complaint is dismissed. The cross motion by the plaintiff for summary judgment (sequence No. 2) is denied. Although denominated as a motion to dismiss, defendant’s motion has been addressed by the parties as a motion for summary judgment. Moreover, since plaintiff County has cross-moved for summary judgment, the court may grant such relief to defendant considered as a nonmoving party (CPLR 3212 [b]).
This is an action pursuant to Nassau County Administrative Code § 8-7.0 (g) (the Code) for the forfeiture of a 1995 Honda automobile owned by defendant, based on the operation of the vehicle in violation of Vehicle and Traffic Law § 1192 (3), driving while under the influence of alcohol.
Defendant was arrested on April 14, 2006. The vehicle was impounded, but she recovered her vehicle from impoundment four days later. She thereafter incurred certain expenses for vehicle repairs. Defendant contends that she did not receive any notice of plaintiffs intent or right to commence this forfeiture action until June 28, 2006, approximately 75 days after the arrest. In support of her contention, defendant has submitted a notice from plaintiff dated June 26, 2006, with an attachment entitled vehicle seizure notice, dated April 14, 2006. Although the seizure notice contains a signature line of acknowledgment and a separate line to be initialed if there is a refusal to sign, both the signature line and the initial line are blank.
The Code provides in two places that a person whose property is subject to forfeiture is to receive written notice of such possibility.
Code § 8-7.0 (g) (3) provides:
“Any person from whom property is seized incident to his or her arrest for a misdemeanor crime . . . will receive written notice at the time the property is seized and inventoried or as soon thereafter as practicable that the County of Nassau may commence an action for forfeiture of such property.”
Code § 8-7.0 (g) (4) (a) provides:
“A person from whom a vehicle has been removed and impounded by the police pursuant to an arrest for a violation of any provision of [Vehicle and Traffic Law § 1192] shall receive notice at the time of arrest on such charge and by certified mail ... as *635 soon thereafter as practical informing such person how and when the vehicle may be reclaimed and that the vehicle is subject to a civil forfeiture proceeding.”
It is well settled that summary judgment is a drastic remedy which should not be granted where there is any doubt about the existence of a triable issue of fact (Bhatti v Roche, 140 AD2d 660 [1988]). It is nevertheless an appropriate tool to weed out meritless claims (Lewis v Desmond, 187 AD2d 797 [1992]; Gray v Bankers Trust Co. of Albany, N.A., 82 AD2d 168 [1981]).
Generally speaking, to obtain summary judgment it is necessary that the movant establish its claim or defense by the tender of evidentiary proof in admissible form sufficient to warrant the court, as a matter of law, in directing judgment in its favor (CPLR 3212 [b]). The burden then shifts to the nonmoving party. To defeat the motion for summary judgment the opposing party must come forward with admissible evidence to demonstrate the existence of a material issue of fact requiring a trial (CPLR 3212 [b]); see also GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]). The nonmoving party must lay bare all of the facts at its disposal regarding the issues raised in the motion (Mgrditchian v Donato, 141 AD2d 513 [1988]). Conclusory allegations are insufficient (Zuckerman v City of New York, supra). Even though the court must draw all reasonable inferences in favor of the nonmoving party (Nicklas v Tedlen Realty Corp., 305 AD2d 385 [2003]; Rizzo v Lincoln Diner Corp., 215 AD2d 546 [1995]), there must be evidentiary proof in support of the allegations (Fleet Credit Corp. v Hutter & Co., 207 AD2d 380 [1994]; Toth v Carver St. Assoc., 191 AD2d 631 [1993]).
The court may also search the record and grant summary judgment in favor of a nonmoving party with respect to a cause of action or issue that is the subject of a motion for summary judgment without the necessity of a cross motion (CPLR 3212 [b]; Katz v Waitkins, 306 AD2d 442 [2003]).
The defendant has made a prima facie showing that she is entitled to summary judgment dismissing the action, which seeks civil forfeiture of the automobile owned by her. Specifically, defendant argues that she did not receive any notice from the plaintiff that her vehicle was subject to forfeiture until she received the mailed notice months later. Although the plaintiff argues that the defendant was given notice as provided in the statute, its proof does not create an issue of fact. The plaintiff *636 has submitted only an affirmation of an attorney who does not have any personal knowledge of the events which is thus insufficient to create a factual issue (Marietta v Scelzo, 29 AD3d 539 [2006]).
Although various police department documents have also been submitted, they have not been authenticated and thus are equally lacking in probative value (Stahl v Stralberg, 287 AD2d 613 [2001]). In any event, such documentation, even if considered, provides no direct evidence that defendant was given the appropriate notice.* The plaintiff’s attorney’s reference to a conversation had with the arresting officer is, of course, rank hearsay and unworthy of consideration.
Plaintiff County also argues, without citation to legal authority, that the notice provision is intended to benefit the plaintiff because its purpose is to deter transfers of ownership. It thus contends, in effect, that failure to give notice is not a jurisdictional prerequisite to the maintenance of the action. The court does not agree. Forfeiture statutes such as the one at bar, which serve deterrent and retributive purposes, are considered to be punitive in nature (County of Nassau v Canavan, 1 NY3d 134, 139-140 [2003]), and so should be strictly construed against the government (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 271; 60 NY Jur 2d, Forfeitures and Penalties § 6; Matter of Henry v Castagnaro, 106 Misc 2d 574 [Sup Ct, Suffolk County 1980]).
Here, and notwithstanding the County’s position to the contrary, the notice provision does more than serve the County’s interests. A person from whom a vehicle was seized who did not receive the notice in a timely manner might take some step— most prominently, disposing of the vehicle without County knowledge or permission — that would expose him or her to additional liability under the statute (Nassau County Administrative Code § 8-7.0 [g] [4] [e] [person who transfers title or possession without notice to County subject to $1,500 judgment in addition to fair market value of vehicle at time of arrest]). This could lead to the imposition of a penalty without sufficient warning of the conduct that could lead to that penalty, which makes timely service of the notice necessary as a matter of fundamental fairness. While the defendant here complains of a lesser injury (she contends that she spent money on the vehicle without realizing that she could lose it to the County in this action), it *637 demonstrates the defendant’s need for such notice to prevent prejudice. Consequently, the court holds that the County must strictly adhere to the statutory notice requirement before it may properly commence its forfeiture action.
As is set forth above, the statute in two places requires that the person from whom the vehicle has been taken is to receive notice as soon as possible that a forfeiture action may be commenced. As discussed above, the County has not submitted competent evidence rebutting the defendant’s prima facie showing that such notice was not received until some 75 days after the arrest. The court finds that this is not “as soon thereafter as practical” or as soon “as practicable” as a matter of law, and, consequently, that the action must be dismissed for failure to meet the mandatory statutory notice requirement.

 The police department crime report contains no reference to the notice.