■ COUNTY OF NASSAU, Appellant, v CRISTOBEL FUENTES, Respondent. [882 NYS2d 501]—

In a civil forfeiture action pursuant to Nassau County Administrative Code § 8-7.0 (g) (L 1939, chs 272, 701-709, as amended) the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered January 31, 2008, as granted the defendant's motion for summary judgment dismissing the complaint and denied that branch of its cross motion which was for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In support of his motion for summary judgment dismissing the complaint, the defendant made a prima facie showing of entitlement to judgment as a matter of law by submitting an affidavit in which he denied receiving notice, prior to the commencement of this action, that his vehicle might be subject to a forfeiture action (*see* Nassau County Administrative Code § 8-7.0 [g] [4] [a]; *County of Nassau v Bassen*, 14 Misc 3d 633 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). However, in opposition to that showing, the plaintiff, County of

Nassau, raised a triable issue of fact by producing copies of a "Vehicle Seizure Notice," purportedly signed by the defendant at the time of his arrest for the underlying offense, and a return receipt card, also purportedly signed by the defendant, acknowledging receipt of a letter the County allegedly sent to him prior to the commencement of this action. Both documents advised that the subject vehicle might be the subject of a forfeiture action. While we conclude that the County's showing was sufficient to raise an issue of fact warranting denial of the defendant's motion, contrary to the County's contention, it did not warrant the granting of that branch of its cross motion which was for summary judgment on the complaint, as the genuineness of the defendant's purported signatures on the documents described above presents an issue of fact (*see Seoulbank, N.Y. Agency v D & J Export & Import Corp.*, 270 AD2d 193, 194 [2000]; *Dyckman v Barrett*, 187 AD2d 553, 555 [1992]).

We do not reach the County's remaining contention that the notice provisions of Nassau County Administrative Code § 8-7.0 (g) (4) (a) are for its benefit and, in cases where there has been lack of compliance therewith, those provisions do not furnish a defendant with a ground for dismissal of a forfeiture action. That contention is improperly raised for the first time on appeal (*see Green Apple Mgt. Corp. v Aronis*, 55 AD3d 669 [2008]). Dillon, J.P., Florio, Balkin and Austin, JJ., concur.