County of Nassau v Urban (2019 NY Slip Op 05762)





County of Nassau v Urban


2019 NY Slip Op 05762


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-05354
 (Index No. 603026/16)

[*1]County of Nassau, respondent, 
v
Cynthia A. Urban, appellant, et al., defendant.


Phillips, Artura & Cox, Lindenhurst, NY (Wayne J. Donovan of counsel), for appellant.



DECISION & ORDER
In a civil forfeiture action pursuant to Nassau County Administrative Code § 8-7.0(g), the defendant Cynthia A. Urban appeals from an order of the Supreme Court, Nassau County (Norman Janowitz, J.), entered April 6, 2017. The order, in effect, denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her, and granted the plaintiff's cross motion for summary judgment awarding civil forfeiture of the subject vehicle.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion for summary judgment awarding civil forfeiture of the vehicle, and by deleting the second, third, fourth, fifth, and sixth decretal paragraphs of the order, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.
The defendant Cynthia A. Urban (hereinafter the defendant) was arrested in Nassau County for driving while intoxicated. At the time of her arrest, the defendant was given a "Notice of Vehicle Seizure and Notice of Retention Hearing" (hereinafter the notice of seizure), which notified her that the vehicle she was driving was subject to civil forfeiture and that a hearing on that issue would be held on a specified date.
The plaintiff, the County of Nassau, subsequently commenced this action pursuant to Nassau County Administrative Code § 8-7.0(g) to obtain civil forfeiture of the vehicle the defendant was driving at the time of her arrest. Thereafter, the defendant served a verified answer which asserted, as an affirmative defense, that the complaint failed to state a cause of action.
By notice of motion dated October 3, 2016, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action, asserting that she had not been convicted of a violation of Vehicle and Traffic Law § 1192, and that she never received a copy of the notice of seizure by certified mail, return receipt requested. The following day, October 4, 2016, the defendant pleaded guilty to a violation of Vehicle and Traffic Law § 1192. The plaintiff subsequently cross-moved for summary judgment awarding civil forfeiture of the vehicle. The Supreme Court denied the motion and granted the cross motion, and the defendant appeals.
Contrary to the defendant's contentions, the complaint, as amplified by the plaintiff's [*2]submissions establishing that the defendant pleaded guilty to a violation of Vehicle and Traffic Law § 1192, stated a cause of action for civil forfeiture of the vehicle pursuant to Nassau County Administrative Code § 8-7.0(g)(4) (see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636). Accordingly, we agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her. However, in opposition to the plaintiff's showing of its prima facie entitlement to judgment as a matter of law, the defendant raised a triable issue of fact by adducing evidence demonstrating that, while she was given a copy of the notice of seizure in person, the plaintiff failed to comply with the requirement of Nassau County Administrative Code § 8-7.0(g)(4)(a) that she also be served with the notice of seizure by certified mail, return receipt requested (see County of Nassau v Fuentes, 64 AD3d 626). Accordingly, the court should have denied the plaintiff's cross motion for summary judgment awarding civil forfeiture of the vehicle.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court